Texas Departnment of Criminal Justice v. Kirk Wayne McBride








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 
08-0832
════════════
 
Texas Department of Criminal 
Justice, Petitioner,
 
v.
 
Kirk Wayne McBride, Sr., 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the 
Thirteenth District of Texas
════════════════════════════════════════════════════
 
 
            
Chief 
Justice Jefferson delivered the opinion of 
the Court.
 
     Kirk Wayne McBride, Sr. is an inmate 
at a Texas Department of Criminal Justice facility. Several years ago, the 
Department charged McBride with possession of an alcoholic beverage and entered 
findings against him in an administrative disciplinary hearing. McBride filed a 
Step 1 Grievance pursuant to the Department’s appeals process. McBride later 
learned that his Step 1 Grievance had been closed. He then initiated a new Step 
1 Grievance, arguing that the Department never notified him of its decision in 
the first grievance, which prevented him from timely appealing it. The 
Department responded that the decision had been sent to McBride. McBride next 
filed a Step 2 Grievance, arguing that he was denied the right to challenge and 
exhaust his administrative remedies, and that the fifteen-day limitation period 
should begin anew from the date that he receives the original decision. Noting 
that McBride’s record revealed numerous grievances filed on a regular basis, the 
Department closed the case and took no further action.
            
McBride filed this lawsuit complaining, among other things, that the 
Department violated his due process rights by failing to give him a copy of the 
administrative decision. McBride sought a judgment declaring that the Department 
failed to comply with its own grievance procedures, and injunctive relief 
ordering the Department to provide him notice of its Step 1 decision so that he 
might proceed with his administrative remedies.
            
The Department denied McBride’s allegations, asserted sovereign immunity, 
and requested attorney’s fees. The trial court granted the Department’s plea and 
dismissed the case, but the court of appeals reversed, holding that “the 
Department’s claim for attorney’s fees is considered a claim for affirmative 
relief that waives sovereign immunity.”[1] ___ S.W.3d ___. 
We disagree.
            
Sovereign immunity protects the State (and various divisions of state 
government) from lawsuits for money damages. Wichita Falls 
State Hosp. v. Taylor, 106 S.W.3d 692, 694 n.3 (Tex. 2003); Tex. Natural 
Res. Conservation Comm’n v. IT-Davy, 74 S.W.3d 
849, 853 (Tex. 2002). In Reata 
Construction Corp. v. City of Dallas, 197 S.W.3d 371, 375 (Tex. 2006), we 
recognized, however, that certain actions taken by governmental entities could 
affect their immunity: “[I]f the governmental entity interjects itself into or 
chooses to engage in litigation to assert affirmative claims for monetary 
damages, the entity will presumably have made a decision to expend resources to 
pay litigation costs.” In such cases, the governmental entity has decided to 
“leave its sphere of immunity from suit for claims against it which are germane 
to, connected with and properly defensive to claims the [governmental entity] 
asserts.” Reata, 197 S.W.3d 
at 377. Thus, we held that “[o]nce it asserts 
affirmative claims for monetary recovery, the [governmental entity] must 
participate in the litigation process as an ordinary litigant, save for the 
limitation that the [entity] continues to have immunity from affirmative damage 
claims against it for monetary relief exceeding amounts necessary to offset the 
[entity’s] claims.” Id.
            
Since Reata, several courts of appeals 
have examined whether a defendant-governmental entity’s request for attorney’s 
fees waives immunity. Most have held that it does not. See, e.g., Edwards 
Aquifer Auth. v. Horton, No. 04-09-00375-CV, 2010 Tex. App. LEXIS 736, at 
*6-*7 (Tex. App.—San Antonio Feb. 3, 2010, pet. denied) (“We join several of our 
sister courts . . . in holding that the assertion of a claim for attorney’s fees 
in defending a lawsuit is not the assertion of a claim for monetary relief under 
the holding in Reata . . . .”); City of 
Dallas v. VRC LLC, 260 S.W.3d 60, 64 (Tex. App.—Dallas 2008, no pet.) 
(holding that City’s request for attorney’s fees in 
defending a constitutional takings suit did not waive immunity under Reata); Lamesa 
Indep. Sch. Dist. v. Booe, 251 S.W.3d 831, 833 
(Tex. App.—Eastland 2008, no pet.) (holding that school 
district’s request for attorney’s fees did not constitute waiver of immunity 
under Education Code, also relying on Reata); 
Harris County Toll Rd. Auth. v. Sw. Bell Tel., L.P., 263 S.W.3d 48, 65 
(Tex. App.—Houston [1st Dist.] 2006) (holding that County did not waive immunity 
by seeking attorney's fees in an inverse condemnation suit), aff’d on other grounds, 282 S.W.3d 59 (Tex. 
2009). But see Powell v. Tex. Dep’t of Criminal 
Justice, 251 S.W.3d 783, 791-92 (Tex. App.—Corpus Christi 2008, pet. filed) 
(holding that the Department’s request for attorney’s fees waived 
immunity).
            
In this case, McBride, not the Department, filed suit. In its answer, the 
Department denied McBride’s allegations and prayed for attorney’s fees and costs 
incurred in defending the case. Other than fees and costs, the Department 
asserted no claims for relief. Unlike Reata, in 
which the City injected itself into the litigation process and sought damages, 
the Department’s request for attorney’s fees was purely defensive in nature, 
unconnected to any claim for monetary relief. When that is the case, a request 
for attorney’s fees incurred in defending a claim does 
not waive immunity under Reata, and the court 
of appeals incorrectly held otherwise.
            
Without hearing oral argument, we reverse the court of appeals’ judgment 
and remand the case to that court for consideration of McBride’s remaining 
issues. Tex. R. App. 
P. 59.1, 
60.2(d).
 
                                                                                                
 ______________________________
Wallace 
B. Jefferson
                                                                                                
 Chief Justice
                                                                                                

OPINION 
DELIVERED:  June 11, 
2010
 
 








[1] In 
light of its decision that the Department’s fee request waived immunity, the 
court of appeals did not reach McBride’s arguments that his constitutional 
claims for declaratory and injunctive relief were not barred by immunity.