### LAMESA INDEPENDENT SCHOOL DISTRICT, Petitioner,

v.

### David BOOE d/b/a Booe Roofing Company, Respondent.

No. 05–0959.

Supreme Court of Texas.

Sept. 28, 2007.

David P. Hansen, Schwartz & Eichelbaum, Austin, TX, for Petitioner.

Aubrey Jan Fouts, The Fouts Law Firm, James E. Joplin, Attorney At Law, Lubbock, TX, for Respondent.

PER CURIAM.

David Booe d/b/a Booe Roofing Co. sued Lamesa Independent School District, seeking to recover under breach of implied contract and quantum meruit theories. The trial court denied the District's plea to the jurisdiction based on sovereign immunity, issuing four conclusions of law in support of the denial. The court of ap-

peals affirmed, 2005 WL 2090670, basing its decision entirely on the trial court's first conclusion—that the District's immunity is waived by section 11.151(a) of the Education Code, which provides that "[t]he trustees of an independent school district constitute a body corporate and in the name of the district may … sue and be sued." Tex. Educ.Code § 11.151(a).

The court of appeals' holding on section 11.151(a) conflicts with our decisions in *Tooke v. City of Mexia,* 197 S.W.3d 325 (Tex.2006), and *Satterfield & Pontikes Construction, Inc. v. Irving Independent School District,* 197 S.W.3d 390 (Tex.2006), issued after the court of appeals' opinion in this case. As we held in *Satterfield,* section 11.151(a) is not a clear and unambiguous waiver of immunity. *Satterfield,* 197 S.W.3d at 391.

The court of appeals also noted that, while this case was pending on appeal, the Legislature enacted subsections 271.151–.160 of the Local Government Code, which retroactively waive sovereign immunity for certain claims against local government entities, including public school districts. Tex. Loc. Gov't Code §§ 271.151–271.160. Booe does not argue that the District's immunity is waived by the newly enacted sections, and we express no opinion on that subject.

Accordingly, we grant the District's petition for review, and without hearing oral argument, Tex.R.App. P. 59.1, reverse the court of appeals' judgment and remand the case to that court to consider the District's remaining issues. Tex.R.App. P. 60.2(d); *Anderson v. Gilbert,* 897 S.W.2d 783, 785 (Tex.1995).