**LAMESA INDEPENDENT SCHOOL DISTRICT, Appellant**

v.

**David BOOE d/b/a Booe Roofing Company, Appellee.**

No. 11–03–00394–CV.

Court of Appeals of Texas, Eastland.

March 27, 2008.

David P. Hansen, Schwartz & Eichelbaum, P.C., Attorney At Law, Austin, TX, for appellant.

Aubrey J. Fouts and James E. Joplin, Fouts, Fouts & Joplin, Attorneys At Law, Lubbock, TX, for appellee.

Panel consists of: WRIGHT, C.J., McCALL, J., and STRANGE, J.

## OPINION ON REMAND

JIM R. WRIGHT CHIEF, Justice.

This case involves the denial of a school district's plea to the jurisdiction. In our original opinion,[1] we held that the "sue and be sued" language of TEX. EDUC.CODE ANN. § 11.151 (Vernon 2006) waived immunity from suit. The Texas Supreme Court subsequently determined that this language did not constitute a clear and unambiguous waiver of immunity. *Tooke v. City of Mexia,* 197 S.W.3d 325 (Tex.2006); *Satterfield & Pontikes Constr., Inc. v. Irving Indep.*

*Sch. Dist.,* 197 S.W.3d 390 (Tex.2006). Based upon *Tooke* and *Satterfield,* the supreme court reversed our original judgment in this case and remanded the case to us to consider Lamesa Independent School District's remaining issues. *Lamesa,* 235 S.W.3d at 711.

Three issues remain: LISD's second, third, and fourth issues. All three attack the denial of the plea to the jurisdiction. In these issues, LISD argues that the trial court erred in concluding that LISD waived sovereign immunity by accepting the work allegedly performed by David Booe d/b/a Booe Roofing Company, that LISD waived its claim of sovereign immunity by its conduct in the litigation, and that sovereign immunity does not apply to equitable remedies such as estoppel and quantum meruit.

Booe alleged that it was the primary provider of roofing installation and repair services for LISD during the 1990s. Following a severe hailstorm in April 1999, Booe allegedly performed extensive repairs on several roofs owned by LISD. Booe further alleged that LISD refused to pay for these repairs. Booe filed suit against LISD on September 26, 2001. Booe sought to recover the value of goods and services provided for LISD's benefit in the amount of $145,400. Booe asserted the following causes of action: breach of an implied contract and quantum meruit. On June 18, 2003, LISD filed its original plea to the jurisdiction asserting that it was immune from suit. The trial court ultimately determined that LISD was not entitled to sovereign immunity, and it denied LISD's plea to the jurisdiction.

■ Sovereign immunity, encompassing both immunity from suit and immunity from liability, protects political subdivi-

---

1. *Lamesa Indep. Sch. Dist. v. Booe,* No. 11–03–00394–CV, 2005 WL 2090670 (Tex.App.-Eastland Aug.31, 2005) (mem.op.), *rev'd,* 235 S.W.3d 710 (Tex.2007).

sions of this state from lawsuits for money damages; sovereign immunity from suit deprives a trial court of subject-matter jurisdiction. *Reata Constr. Corp. v. City of Dallas,* 197 S.W.3d 371, 374 (Tex.2006). Accordingly, we must review de novo a trial court's order denying a jurisdictional plea based upon sovereign immunity from suit. *Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex.2002). A governmental entity, such as LISD, is entitled to sovereign immunity unless that immunity has been waived. *Reata,* 197 S.W.3d at 374. As a general rule, the courts have deferred to the legislature to waive sovereign immunity. *Id.* at 375; *IT–Davy,* 74 S.W.3d at 857.

With respect to LISD's second, third, and fourth issues, Booe does not assert that LISD's immunity has been waived by legislative act[2] but, rather, by judicially created doctrine. We acknowledge that the Texas Supreme Court has held that, when a governmental entity leaves its sphere of immunity and asserts affirmative claims for monetary relief, the adverse party may assert, as an offset, claims germane to, connected with, and properly defensive to those asserted by the governmental entity. *Reata,* 197 S.W.3d at 376–77. In such a situation, the trial court acquires subject-matter jurisdiction over the adverse party's claims to the extent they offset the sovereign's claims. *Id.* at 377.

▆ Booe asserts on appeal that LISD's request for attorney's fees under TEX. EDUC.CODE ANN. § 11.161 (Vernon 2006) constitutes a waiver that falls within *Reata.* We disagree. LISD did not assert any claim for relief other than the request

for attorney's fees under Section 11.161. Section 11.161 permits a court to award costs and reasonable attorney's fees to an independent school district in a suit filed against the district if the suit is frivolous and is either dismissed or adjudged in favor of the district. Nothing in Section 11.161 can be construed as a waiver of a school district's immunity from suit. Furthermore, the court's opinion in *Reata* cannot be construed to encompass LISD's request for attorney's fees as an affirmative claim for relief. The *Reata* court was clear that its holding applied when a governmental unit filed suit or otherwise intervened and sought affirmative relief and that it applied only to the extent necessary to offset the governmental entity's claims. 197 S.W.3d at 375–77. LISD did not file suit against Booe; Booe sued LISD. LISD did not assert any affirmative claims for relief; it merely responded to Booe's allegedly frivolous suit by requesting attorney's fees. Thus, we hold that the circumstances in this case are distinguishable from those in *Reata* and that LISD's request for attorney's fees did not waive its immunity from suit.

▆ We also hold that LISD's other conduct with respect to the suit, such as requesting a summary judgment and otherwise participating in the lawsuit for one and one-half years prior to asserting sovereign immunity, did not waive its right to assert immunity from suit. It is well-established that immunity from suit deprives a court of subject-matter jurisdiction and may even be raised for the first time on appeal. *Reata,* 197 S.W.3d at 379; *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 445–46 (Tex.1993).

2. We noted in our original opinion that the legislature had, subsequent to the trial court's order in this case, expressly waived immunity from suit for breach of contract for local government entities that enter into written contracts for the provision of goods or services. TEX. LOC. GOV'T CODE ANN. §§ 271.151–.160 (Vernon 2005). However, Booe has not asserted that these sections apply in this case or that it entered into a written contract with LISD. *See* Section 271.151.

Next, we hold that LISD did not waive its immunity from suit by accepting the work performed by Booe. *See IT–Davy,* 74 S.W.3d at 857 (governmental unit does not waive its sovereign immunity by accepting the benefits under a contract); *see also Travis County v. Pelzel & Assocs., Inc.,* 77 S.W.3d 246 (Tex.2002). The *IT–Davy* court reasoned that creating a waiver-by-conduct exception would force the State to expend resources to litigate that issue and thus frustrate the policy underlying sovereign immunity. 74 S.W.3d at 857.

Finally, even when an equitable remedy such as estoppel or quantum meruit is asserted, the doctrine of sovereign immunity from suit applies as long as monetary damages are sought. *See, e.g., IT–Davy,* 74 S.W.3d at 852, 860 (ultimately holding state agency immune from suit and dismissing all claims-even claims for quantum meruit and promissory estoppel-for want of jurisdiction). Because sovereign immunity from suit protects the state's governmental entities from lawsuits seeking monetary damages, because Booe's claims for equitable relief sought monetary damages, and because LISD's immunity from suit has not been waived, the trial court had no subject-matter jurisdiction over Booe's claims for equitable relief.

We conclude, therefore, that the trial court erred in denying LISD's plea to the jurisdiction. LISD's second, third, and fourth issues are sustained.

The trial court's order denying the plea to the jurisdiction is reversed, and we render judgment dismissing Booe's claims for want of jurisdiction.