

**NUMBER 13-07-00255-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**THE DONNA INDEPENDENT SCHOOL
DISTRICT, ET AL.**                                      **Appellants,**

**v.**

**DAMON GRACIA**                                        **Appellee.**

---

**On appeal from the County Court at Law No. 2
of Hidalgo County, Texas.**

---

# O P I N I O N

**Before Chief Justice Valdez and Justices Garza and Vela
Opinion by Chief Justice Valdez**

The Donna Independent School District, the Donna Independent School District
Board of Trustees, and Joe Gonzalez, superintendent of schools, (collectively referred to
as "the District") bring this interlocutory appeal of the trial court's denial of the District's plea
to the jurisdiction of a suit filed by Damon Gracia, appellee. *See* TEX. CIV. PRAC. & REM.

CODE ANN. § 51.014(a)(8) (Vernon 2008).  By a single issue, the District contends that the trial court erred in not dismissing Gracia's suit because it enjoyed sovereign immunity from suit.  We reverse and render a dismissal for lack of jurisdiction.

## I. BACKGROUND

Gracia was employed by the District as a teacher and freshman football coach.  In February 2005, a criminal investigation of hazing allegations in the high school boys' athletic department was initiated.  The investigation implicated Gracia, and the District suspended him.  The District later notified Gracia that his teaching contract for the following year would not be renewed.  In response to the District's actions, Gracia requested a hearing examiner under the education code.  *See* TEX. EDUC. CODE ANN. § 21.253 (Vernon 2006).

Before a hearing could take place, the District and Gracia entered into a settlement agreement.  In the agreement, Gracia promised to tender a letter of resignation for his teaching contract and a motion to dismiss the hearing that he had requested.  In return, the District promised to provide a neutral recommendation to prospective employers who inquired about Gracia's employment history with the District.  The agreement contained a "miscellaneous" provision, that stated:

> Nothing contained in this Agreement shall constitute an acknowledgment that either DISD or Teacher have violated any laws, breached any agreements or acted improperly with respect to Teacher's employment or termination of employment, [sic] with DISD.  Teacher agrees and acknowledges that DISD, by entering into this Agreement and fulfilling its obligations hereunder, is not and shall not be considered an admission of any liability or wrongdoing by DISD.  DISD agrees and acknowledges that Teacher, by entering into this Agreement and fulfilling its obligations hereunder, is not and shall not be considered an admission of any liability or wrongdoing by Teacher.

The agreement was executed by the parties on May 11, 2005.  On May 19, 2005, Gracia

2

was arrested.

Gracia sued the District for breach of contract, promissory estoppel, and negligence.[1]  The District answered with a general denial.  Later, the District filed a plea to the jurisdiction.  After considering the District's plea to the jurisdiction and Gracia's response, the trial court denied the plea.  This interlocutory appeal followed.[2]

## II. DISCUSSION

### A.    Standard of Review

A plea to the jurisdiction is a proper way to challenge the subject-matter jurisdiction of the trial court.  *See Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638-39 (Tex. 1999) (per curiam); *City of Waco v. Williams*, 209 S.W.3d 216, 219 (Tex. App.–Waco 2006, pet. denied).  Whether a trial court has subject-matter jurisdiction is a question of law subject to de novo review.  *See Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002).  In a case involving sovereign immunity, the court looks to the plaintiff's pleadings and any relevant evidence to decide whether sovereign immunity has been waived.  *Tex. Dep't of Crim. Justice v. Millwer*, 51 S.W.3d 583, 587 (Tex. 2001); *Tex. Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001).

### B.    Breach of Contract

In the District's plea to the jurisdiction, it argued that Gracia's breach of contract claim was barred by sovereign immunity and that the local government code's waiver of sovereign immunity dealing with contracts did not apply because the agreement was not

---

[1] Gracia had also asserted claims for fraud, fraudulent inducement, false arrest, and malicious prosecution.  He, however, dropped those claims in his live petition.  *See* TEX. R. CIV. P. 65.

[2] This case is submitted on the District's brief only.  By order dated November 15, 2007, this Court notified Gracia that his brief was past due and requested that he file a brief by December 17, 2007.  To date, Gracia has not filed a brief.

a contract for goods and services.  *See* TEX. LOC. GOV'T CODE ANN. §§ 271.151(c), 271.152 (Vernon 2005).  Section 271.152 waives sovereign immunity for local governmental entities that enter into contracts that are "subject to this subchapter."  *Id*. § 271.152.  A contract subject to the applicable subchapter "means a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity . . . ."  *Id*. § 271.151(c).  Gracia responded by arguing that the agreement resolved a termination dispute that was premised on Gracia's teaching contract; therefore, the agreement involved a contract for services and waived the District's sovereign immunity.  The concurrence subscribes to the District's argument, and it would bar Gracia's suit because it believes that the underlying agreement is not premised on a contract for services.

The issue, however, hinges on Gracia's underlying claim.  The *Lawson* case is the prism through which we should view how breach of contract claims implicate sovereign immunity.  *Tex. A&M Univ.-Kingsville v. Lawson*, 87 S.W.3d 518 (Tex. 2002).  In *Lawson*, a university faculty member sued his employer for violations of the Whistleblower Act.  *Id*. at 518-19.[3]  A settlement agreement was reached between the parties; however, a dispute arose shortly after the agreement was reached.  *Id*. at 519.  The faculty member sued the university for breach of contract, and the university responded by filing a plea to the jurisdiction. The Texas Supreme Court, in a plurality opinion, held that when a governmental entity agrees to settle a lawsuit from which it is not immune, it is not immune from a suit for breach of the settlement agreement.  *Id.* at 518.

---

[3] Suits against governmental entities alleging violations of the Whistleblower Act have been explicitly authorized by the Texas Legislature.  *See* TEX. GOV'T CODE ANN. § 554.0035 (Vernon 2004).  However, a public employee must initiate action under the grievance or appeal procedures of the employing governmental entity before suing under the Whistleblower Act.  *Id*. § 554.006.

In rationalizing its decision, the supreme court noted that contractual claims against governmental entities may be generally categorized as claims for which immunity is waived and claims for which an administrative remedy is provided. *Id*. at 521. An action for a breach of a settlement agreement, however, does not neatly fall into either category. *Id*. The *Lawson* plurality found that:

> Allowing suit against the government for breach of an agreement settling a claim for which immunity has been waived does not interfere with the Legislature's policy choices. On the contrary, having determined to allow suits on such claims and prescribed the available remedies, the Legislature must surely have considered—indeed, hoped—that claims would often be settled. If anything, for the government to be immune from the enforcement of such settlements would impair the purposes of the waiver by limiting its effectiveness in cases not tried to a final judgment.

*Id*. at 522. Basing its decision on legislative intent, the plurality rejected the appellate court's waiver-by-conduct rationale, but ultimately affirmed the lower court's decision to allow Lawson's suit to proceed. *Id.* at 522-23.

Unlike Lawson, Gracia did not have a statutorily recognized claim pending in the trial court when he entered into an agreement with the District. The settlement agreement in this case was executed just as Gracia was instituting the administrative process that the State created for challenging the termination of teaching contracts. In short, Gracia settled a claim that, at that point in time, had no adjudicative value in our court system. If Gracia's allegations are true, it strikes us as unfair to allow the District to renege on its promises without facing the legal consequences of its alleged actions.[4] The Texas Supreme Court,

---

[4] Texas law strongly favors and encourages voluntary settlement and orderly dispute resolution. *See, e.g.*, *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 178 (Tex. 1997); *Elbaor v. Smith*, 845 S.W.2d 240, 250 (Tex. 1992). However, parties like Gracia, who settle claims against governmental entities while their cases are in the administrative process, cannot return to the administrative process or turn to the courts when a governmental entity allegedly breaches a settlement agreement's terms. We call on the Legislature to provide a viable means of enforcing settlement agreements that are forged during the administrative process.

5

however, has forestalled the waiver-by-conduct exception to sovereign immunity in situations where an administrative remedy is available. *See IT-Davy*, 74 S.W.3d at 857 ("Creating a waiver-by-conduct exception would force the State to expend its resources to litigate the waiver-by-conduct issue before enjoying sovereign immunity's protections—and this would defeat many of the doctrine's underlying policies."). Thus, the trial court erred in not dismissing Gracia's breach of contract claim.

## C.      Promissory Estoppel

The District argues that Gracia's promissory estoppel claim is also barred by sovereign immunity because the legislature has not provided a clear and unambiguous waiver of such claims. In response, Gracia argued that equitable principles allowed his claim to proceed. The general rule is that, when a municipality or other unit of government is exercising its governmental powers, it is not subject to estoppel. *City of Hutchins v. Prasifka*, 450 S.W.2d 829, 835 (Tex. 1970). However, a municipality may be estopped in certain cases where justice requires the application of estoppel and there is no interference with the exercise of the municipality's governmental functions. *Id*. at 836 (citing *City of Dallas v. Rosenthal*, 239 S.W.2d 636 (Tex. Civ. App.–Dallas 1951, writ ref'd n.r.e.)). This exception is to be applied with caution and only in exceptional cases where the circumstances clearly demand its application. *Id*.

The *City of Hutchins* exception is narrow and has been applied to municipalities in zoning and permitting cases where sovereign immunity was not a central issue. *Id.* (zoning case); *Maguire Oil Co. v. City of Houston*, 69 S.W.3d 350, 367-370 (Tex. App.–Texarkana 2002, pet. denied) (drilling permit case). It has not been applied to cases involving school

districts and implicating sovereign immunity. Gracia did not offer, and we cannot find, any reason to extend this exception to the instant case. *See Lamesa Indep. Sch. Dist. v. Booe*, 251 S.W.3d 831, 834 (Tex. App.–Eastland 2008, no pet.) (op. on remand) (holding that sovereign immunity barred estoppel or quantum meruit claims for monetary damages) (citing *IT-Davy*, 74 S.W.3d at 860); *see also Nussbaum v. Univ. of Tex. Med. Branch at Galveston*, No. 01-99-00871-CV, 2000 Tex. App. LEXIS 8549, at **8-9 (Tex. App.–Houston [1 Dist.] Dec. 21, 2001, pet. denied) (not designated for publication) (providing that a claim for promissory estoppel is similar to a contract claim and is governed by the doctrine of sovereign immunity). The trial court, therefore, should have dismissed Gracia's promissory estoppel claim.

## C.    Negligence

Gracia's final claim was that the District was negligent in ignoring the terms of the agreement and pursing a criminal investigation of his alleged conduct when the agreement provided otherwise. The Texas Tort Claims Act waives a governmental unit's sovereign immunity for property damage and personal injury proximately caused by the wrongful act or omission or the negligence of an employee acting within the scope of her employment if (1) the damage or injury arises from the operation or use of a motor-driven vehicle and (2) the employee would be personally liable to the plaintiff according to Texas law. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021, 101.051 (Vernon 2005). Gracia's negligence claim does not fall within the legislature's limited waiver of sovereign immunity for property damage and personal injury. The trial court should have dismissed Gracia's negligence claim.

7

The District's sole issue is sustained.

### III. CONCLUSION

We reverse the trial court's order denying the District's plea to the jurisdiction and render a dismissal of Gracia's suit for lack of jurisdiction.


ROGELIO VALDEZ
Chief Justice

Concurring Memorandum Opinion by Justice Vela.

Opinion delivered and filed this
the 23rd day of October, 2008.