# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00574-CV

**Texas Department of Health, Appellant**

**v.**

**Lateefah Neal, Appellee**

**FROM COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
NO. C-1-CV-03-275040, HONORABLE ERIC M. SHEPPERD, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

The Texas Department of Health ("The Department") appeals an order partially denying its plea to the jurisdiction. Department employee Lateefah Neal sued the Department on several claims, alleging among other things that the Department breached a settlement agreement it had reached with Neal following an employment-related dispute. The Department filed multiple pleas to the jurisdiction arguing that sovereign immunity deprived the trial court of jurisdiction over Neal's claims. The trial court denied the plea on Neal's breach claim, and the Department appeals that ruling. We hold that Neal's breach claim was barred by sovereign immunity. Accordingly, we reverse the trial court's order on the breach claim and render judgment in the Department's favor.

### FACTUAL AND PROCEDURAL BACKGROUND

Neal began working for the Department in 1997. In September of 2002, she applied for a position as a Human Resources Specialist III. At the time, she was working as a Human

Resources Specialist IV. The Specialist III position would technically have been a demotion, but Neal pursued it because it offered supervisory opportunities that her Specialist IV position did not.

On September 13, 2002, Neal learned that the Specialist III position went to a younger woman of a different religion. On October 25, 2002, Neal filed an internal grievance using a form titled "Employee Complaint Form." The form offered two options to describe the nature of her complaint, "Discrimination" and "Non-Discrimination," and Neal checked the box next to "Non-Discrimination." In the narrative portion of the form, Neal wrote that the panel overseeing the Specialist III hiring process had violated Department policy by failing to give due weight to all parts of her application. On the same form, Neal also complained as a separate matter that her supervisor had previously ignored her request to temporarily rotate into a Specialist V position that several of her co-workers had rotated into.

Although Neal checked the "Non-Discrimination" box on her grievance form, she wrote in the narrative portion of the form that she believed at least one member of the hiring committee "used the interview and selection process to punish [her] for letting it be known that some of the supervisory practices used when [she] was a member of that [person's] team were discriminatory." Neal also wrote in the narrative portion of the form that she "question[ed] other possible discriminatory practices during this process." Neal did not, however, elaborate on what those practices might be.

A few days after she filed her internal grievance form, Neal received and signed a Department form titled "Complaint Resolution Process Advisement." Among other things, the form

2

advised Neal that if her complaint was based on a claim of discrimination, she had to file a complaint with the Texas Commission on Human Rights within 180 days.

On December 9, 2002, Neal signed a settlement agreement with the Department. The agreement did not mention discrimination; it stated only that "Neal has complained of her non-selection for [the Specialist III] position and not having the opportunity to serve in an acting role as supervisor [in the Specialist V position]." Neither side admitted liability or wrongdoing; rather, the agreement was "entered into in order to resolve the parties' differences." The terms of the agreement included the following:

- The Department agreed to allow Neal to rotate into the Specialist V position for a term "not to exceed six (6) months," at the conclusion of which Neal would return to her Specialist IV position.
- The Department agreed to provide Neal human-resources or management training worth up to $600.
- The Department agreed to "be equitable and fair, as with all [Department] employees, in future dealings with Neal."
- Neal agreed to release the Department "as well as all of its agents, employees and successors from any and all claims and/or causes of action arising out of any of the facts made the basis of her complaint."

On January 1, 2003, Neal began her rotation in the Specialist V position. On April 1, 2003, the Department terminated the position and returned Neal to her previous position.[1]

---

[1] The Department contends that it did so because new legislation required it to reduce its number of managerial positions. The Department attached a copy of that legislation to its plea to the jurisdiction and also attached an affidavit by a Department employee explaining how the

3

Three days later, Neal filed a charge of discrimination with the Texas Commission on Human Rights and the Equal Employment Opportunity Commission. The charge claimed that Neal had been discriminated against twice—once when she was denied the Specialist III position, and once when her Specialist V position was terminated after less than six months. Neal claimed that the former incident of discrimination was based on age and religion, and the latter incident was in retaliation for the internal grievance she filed after being denied the Specialist III position.

In April of 2003, shortly after filing her discrimination charge, Neal applied for a Manager III position at the Department and was not selected.

On December 8, 2003, Neal filed this lawsuit. Besides the above-mentioned discrimination claims, which Neal brought under Chapter 21 of the Texas Labor Code, Neal's petition included a cause of action for breach of the December 2002 settlement agreement. The petition also mentioned that Neal was denied the Manager III position in April of 2003 but did not allege a particular discriminatory basis for that denial.

The State filed a plea to the jurisdiction in January of 2004. On February 26, 2004, Neal filed a second charge of discrimination with the Austin Human Rights Commission and the Equal Employment Opportunity Commission. That charge alleged that the Department denied Neal the Manager III position to retaliate against her for filing her first charge of discrimination.

On November 9, 2007, Neal filed a second original petition that reiterated her breach-of-settlement-agreement claim along with various discrimination claims. On May 22, 2009, the Department filed an amended plea to the jurisdiction that argued the court lacked jurisdiction over

Department had implemented the legislative mandate.

4

Neal's breach-of-settlement-agreement claim because Neal's petition failed to allege that the Department had waived its immunity from the claim. A few days after the Department filed its amended plea to the jurisdiction, it filed a second plea to the jurisdiction that addressed only Neal's charge of retaliation relating to the Manager III position.

On July 28, 2009, the same day that the trial court was scheduled to hold a hearing on the Department's pleas, Neal filed a third amended petition and a reply to the Department's pleas. In the latter, Neal cited *Texas A&M University v. Lawson*, 87 S.W.3d 518 (Tex. 2002), for the proposition that a governmental entity is not immune from suit for breaching a settlement agreement if it was not immune from suit on the claims that were settled. The Department addressed this issue at the hearing, arguing that the Department *was* immune from suit on the claims that were settled because Neal had not pursued them in the statutorily mandated fashion. In response, Neal argued that signing the settlement agreement equitably tolled the deadline for pursuing her claims in the statutorily mandated fashion until the State breached the agreement.

The trial court issued an order granting the Department's pleas on several of Neal's claims but denying its plea on the breach-of-settlement-agreement claim. The Department appeals that denial.

**STANDARD OF REVIEW**

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject-matter jurisdiction. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). We review de novo a trial court's ruling on a plea to the jurisdiction. *Westbrook v. Penley*, 231 S.W.3d 389, 394 (Tex. 2007). Satisfying statutory prerequisites to suit is a jurisdictional requirement in all suits

5

against a governmental entity. Tex. Gov't Code Ann. § 311.034 (West Supp. 2010). Failure to comply with a jurisdictional requirement deprives the trial court of the power to act, other than to determine that it lacks jurisdiction. *City of Desoto v. White*, 288 S.W.3d 389, 393 (Tex. 2009).

## DISCUSSION

Neal argues, as she did below, that the Department was not immune from her breach-of-settlement-agreement claim because the Department was not immune from the claim that the agreement settled. Neal relies heavily on *Lawson*, 87 S.W.3d 518, in which a plurality of the Texas Supreme Court held that when a governmental entity agrees to settle a lawsuit from which it is not immune, it is not immune from a suit for breaching the settlement agreement. *Id*. *Lawson* is a plurality decision lacking precedential value, *see Univ. of Tex. Med. Branch v. York*, 871 S.W.2d 175, 176-77 (Tex. 1994), but assuming that its logic applies here, the question we must answer is whether the Department was immune from suit on the claims it settled with Neal.

The parties disagree on the nature of those claims. The Department argues that the claims did not involve an allegation of discrimination, whereas Neal argues that they did.[2] We will assume for the sake of analysis that Neal is correct. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004) (merit of State's plea to jurisdiction initially depends on facts alleged in plaintiff's pleading).

Generally speaking, State agencies are immune from suit on all claims for which the Legislature has not waived immunity. *Id*. at 224. Chapter 21 of the Texas Labor Code includes a

---

[2] Recall that Neal checked the box next to "Non-Discrimination" on her grievance form but also mentioned "possible discriminatory practices" in the narrative portion of the form.

waiver of immunity for claims of employment discrimination. *See* Tex. Lab. Code Ann. §§ 21.002(8)(D), 21.051, 21.254 (West 2006 & Supp. 2010); *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 660 (Tex. 2008); *Texas Dep't of Criminal Justice v. Cooke*, 149 S.W.3d 700, 704 (Tex. App.—Austin 2004, no pet.). The waiver applies, however, only if the claimant strictly satisfies the procedural requirements outlined in Chapter 21. *See Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996); *Texas Parks & Wildlife Dep't v. Dearing*, 150 S.W.3d 452, 458 (Tex. App.—Austin 2004, pet. denied). Among these requirements is that the claimant must file a discrimination complaint with the Texas Workforce Commission Civil Rights Division[3] within 180 days of the alleged discriminatory act. *See* Tex. Lab. Code Ann. §§ 21.201-.202 (West 2006). In the case of an alleged discriminatory employment decision, the 180-day limitations period begins to run when the employee is informed of the decision. *Texas Dep't of Pub. Safety v. Alexander*, 300 S.W.3d 62, 70 (Tex. App.—Austin 2009, pet. denied). The timely filing of an administrative complaint is a mandatory and jurisdictional prerequisite to filing suit. *Id*.

Here, it is undisputed that Neal filed her first complaint with the Texas Commission on Human Rights more than 200 days after the Department allegedly discriminated against her in denying her the Specialist III position. Thus, Neal did not satisfy the statutory prerequisites to filing suit on that alleged discrimination, which means that the Department did not waive its immunity from suit on it. This, in turn, means that the trial court lacked jurisdiction over any claim based on

---

[3] The Texas Commission on Human Rights was the relevant agency when Neal filed her complaint in 2003. *See* Tex. Lab. Code Ann. § 21.0015 (West 2006).

the alleged discrimination.[4] *See id*. The question then becomes what effect this lack of jurisdiction has on Neal's related breach-of-settlement-agreement claim. The parties agree that *Lawson* should guide our analysis.

In *Lawson*, a university faculty member sued his employer for violations of the Whistleblower Act. *Lawson*, 87 S.W.3d at 518-19. As it has with suits for employment discrimination, the legislature has waived the State's immunity from suits brought under the Whistleblower Act provided that the complainant satisfies certain administrative prerequisites. *See* Tex. Gov't Code Ann. §§ 554.0035, .006 (West 2004). Lawson had satisfied those prerequisites and initiated a valid lawsuit before the parties settled. *Lawson*, 87 S.W.3d at 519. A dispute arose shortly thereafter, and Lawson sued the university for breaching the settlement agreement. *Id*.

As this summary reveals, the present case differs from *Lawson* in a crucial respect: Lawson had a statutorily recognized claim (i.e., a claim for which the State had waived immunity) pending in the trial court when he settled with the State. *Id*. at 521. Neal asks us to extend *Lawson* to a situation where the claimant had not even initiated, much less completed, the administrative process that could have led to a waiver of the State's immunity and bestowed jurisdiction on the trial court. In other words, Neal asks us to extend *Lawson* to a situation where she "settled a claim that, at that point in time, had no adjudicative value in our court system." *Donna Indep. Sch. Dist. v. Gracia*, 286 S.W.3d 392, 395 (Tex. App.—Corpus Christi 2008, no pet.). We decline to do so.

---

[4] We note that the trial court granted the Department's plea to the jurisdiction "[a]s to Plaintiff's claims of discrimination arising out of Plaintiff's non-selection for the position of HR Specialist III on or about September 12, 2002."

Extending *Lawson* to such a situation would countermand the bedrock principle that State agencies are categorically immune from suit unless the Legislature has expressly waived immunity. *See Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002) ("[I]t is the Legislature's sole province to waive or abrogate sovereign immunity."). The legislature has not waived immunity from suit over settlement agreements generally. *See Lawson*, 87 S.W.3d at 520 ("We have held that a governmental entity . . . does not, merely by entering into a contract, waive immunity from suit."). It is important to note that the *Lawson* plurality expressly avowed this rule, *id*., and found a waiver of immunity in the situation at bar only because it concluded that the Legislature intended one. *See id*. at 522 ("Allowing suit against the government for breach of an agreement settling a claim for which immunity has been waived does not interfere with the Legislature's policy choices. On the contrary, having determined to allow suits on such claims and prescribed the available remedies, the Legislature must surely have considered—indeed, hoped—that claims would often be settled. If anything, for the government to be immune from the enforcement of such settlements would impair the purposes of the waiver by limiting its effectiveness in cases not tried to a final judgment."). Here, in contrast, we would undermine the legislature's intent if we allowed Neal to sue despite her failure to satisfy the statutory prerequisites contained in Chapter 21 of the labor code.

Other courts of appeals have declined to extend *Lawson* in cases like this one, and we find their reasoning persuasive. In *Gracia*, 286 S.W.3d 392, the plaintiff was a public-school teacher whose contract was terminated over an alleged hazing incident. He reached a settlement agreement with the school district that had employed him "just as [he] was instituting the administrative process that the State created for challenging the termination of teaching contracts."

9

*Id.* at 395. Because completing that administrative process was (like completing the administrative process at issue here) a prerequisite to the State waiving its immunity from suit, the court held that *Lawson* did not permit the teacher to sue the State for breaching the settlement agreement. *Id.* The Waco court of appeals has adopted *Gracia*'s analysis of *Lawson* in the eminent-domain context. *See City of Midlothian v. ECOM Real Estate Mgmt., Inc.*, No. 10-09-00039-CV, 2010 Tex. App. LEXIS 547, at *14-17 (Tex. App.—Waco Jan. 27, 2010, pet. granted) (mem. op.).

We echo the *Gracia* court in acknowledging the potential for abuse under our current regime; in theory, the State could deliberately thwart potentially meritorious claims by settling them, waiting until their limitations periods had run, and then breaching the settlement agreement without fear of suit.[5] *See Gracia*, 286 S.W.3d at 395. As the *Gracia* court noted, however, the supreme court "has forestalled [a] waiver-by-conduct exception to sovereign immunity in situations where an administrative remedy is available." *Id.* (citing *IT-Davy*, 74 S.W.3d at 857). Thus, we cannot avoid the conclusion that parties "who settle claims against governmental entities while their cases are in the administrative process[] cannot return to the administrative process or turn to the courts when a governmental entity allegedly breaches a settlement agreement's terms." *Id.* at 395 n.4.[6]

Neal suggests, as she did in the trial court, that we can avoid this outcome by holding that the statute of limitations on her discrimination claim was equitably tolled when the Department signed the settlement agreement. We disagree. "[B]ecause the statutory filing requirements" for employment-discrimination claims against the State "are jurisdictional" and therefore

---

[5] We do not mean to suggest that the Department did so here.

[6] Such parties can, however, always seek the Legislature's consent to sue. Tex. Civ. Prac. & Rem. Code Ann. §§ 107.001-.005 (West 2011); *Federal Sign v. Texas S. Univ.*, 951 S.W.2d 401, 411 (Tex. 1997).

cannot be waived, "the doctrine of equitable estoppel is not applicable" to such claims. *Czerwinski v. University of Tex. Health Sci. Ctr.*, 116 S.W.3d 119, 123 (Tex. App.—Houston [14th Dist.] 2002, pet. denied); *see also Guevara v. H.E. Butt Grocery Co.*, 82 S.W.3d 550, 552-53 (Tex. App.—San Antonio 2002, pet. denied) (doctrine of equitable tolling does not apply to jurisdictional prerequisite of exhausting administrative remedies in claims filed under labor code).

In sum, Neal failed to meet the mandatory and jurisdictional 180-day filing deadline on any discrimination claims arising from her application for the Specialist III position. Thus, the Department did not waive its immunity from suit on those claims. It follows that the Department did not waive its immunity from suit for breaching the agreement settling those claims. *Lawson* does not contradict this result; indeed, in its emphasis on effectuating the legislature's intent, it fully supports it. Finally, because the 180-day filing deadline is mandatory and jurisdictional, equitable tolling is not available to Neal.

## CONCLUSION

The trial court erred by not granting the Department's plea to the jurisdiction on Neal's breach-of-settlement-agreement claim. We reverse the trial court's order on that claim and render judgment in the Department's favor.

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Reversed and Rendered

Filed: May 6, 2011