

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00322-CV

KOJO WIH NKANSAH                                                    APPELLANT

V.

UNIVERSITY OF TEXAS AT                                              APPELLEES
ARLINGTON, JAMES SPANIOLA,
DANA DUNN, PHILIP COHEN,
ROD HISSONG, AND SHERMAN
WYMAN

----------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1] ON REHEARING

----------

Appellant Kojo Wih Nkansah filed a motion for rehearing of our opinion issued August 18, 2011. We deny the motion, withdraw our opinion and judgment dated August 18, 2011, and substitute the following.

---

[1]*See* Tex. R. App. P. 47.4.

Nkansah, pro se, appeals from orders granting a motion to dismiss, a plea to the jurisdiction, and a motion for summary judgment in favor of Appellees University of Texas at Arlington (UTA), James Spaniola, Dana Dunn, Philip Cohen, Rod Hissong, and Sherman Wyman and from an order denying his motion for new trial. We will affirm.

UTA dismissed Nkansah from its School of Urban and Public Affairs's Ph.D. Program after he failed his dissertation defense. Although UTA subsequently invited Nkansah to apply for readmission, it declined his request that he be unconditionally passed or that UTA refund or pay for him to obtain a degree at another institution. Nkansah ultimately sued Appellees.[2]

The trial court granted (a) the first amended plea to the jurisdiction filed by Spaniola, Dunn, Cohen, Hissong, and Wyman, dismissing Nkansah's claims against them in their official capacities;[3] (b) Appellees' civil practice and remedies code section 101.106 motion to dismiss the tort claims that Nkansah asserted against Spaniola, Dunn, Cohen, Hissong, and Wyman; and (c) Appellees' second plea to the jurisdiction and motion for summary judgment, which dismissed each of the claims that Nkansah alleged against UTA and any claims against the individual employees that the motion to dismiss did not address. After the trial

---

[2]Spaniola is UTA's president. Dunn is UTA's Vice President for Academic Affairs. Cohen is Dean of the Graduate School at UTA. Hissong is an associate professor at UTA who served as Nkansah's dissertation supervisor. And Wyman is a professor in UTA's School of Urban and Public Affairs.

[3]Nkansah does not appeal this order.

court granted those motions, Nkansah filed an untimely response to the second plea to the jurisdiction and motion for summary judgment and also filed a motion to vacate the dismissal orders and reinstate the trial setting. The trial court denied Nkansah's motion and granted Appellees' objection asserted thereto. Nkansah appeals.

In what we construe to be Nkansah's first issue, he argues that the trial court abused its discretion by not granting his motion for continuance. A motion for continuance shall not be granted except for sufficient cause supported by an affidavit, consent of the parties, or by operation of law. *See* Tex. R. Civ. P. 251. If a motion for continuance is not made in writing and verified, it will be presumed that the trial court did not abuse its discretion by denying the motion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986).

Appellees filed their second plea to the jurisdiction and motion for summary judgment on May 24, 2010, and they served Nkansah with the plea and motion by certified mail, return receipt requested, the same day. Several days later, on May 26, 2010, Appellees gave Nkansah notice of the hearing date set for the plea and motion—July 7, 2010. On June 17, 2010, Nkansah filed a motion to continue the hearing set for July 7, 2010, stating therein that he had a "family medical emergency conflicting with the hearing" set for July 7, 2010. But Nkansah never set the motion for a hearing, nor did he timely appear at the

hearing on July 7, 2010, to present the motion to the trial court.[4] Appellees' counsel stated at the July 7, 2010 hearing that he and Nkansah had agreed to continue the July 26, 2010 trial date, not the July 7, 2010 hearing on the plea to the jurisdiction and motion for summary judgment. Nkansah's motion is neither verified nor supported by affidavit. Therefore, we hold that the trial court did not abuse its discretion by not granting Nkansah's motion for continuance.

In what we construe to be Nkansah's second issue, he argues that the trial court erred by granting Appellees' motion to dismiss Spaniola, Dunn, Cohen, Hissong, and Wyman from his lawsuit.[5] Civil practice and remedies code section 101.106(e) provides that "[i]f a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e) (West 2011). All tort theories of recovery alleged against a governmental unit, whether sued alone or together with its employees,

---

[4]The trial court later observed,

The Court will note that although Mr. Nkansah had, in fact, filed a motion for continuance, an unverified motion for continuance, that he did not request a hearing on the motion. And it could be that the Court would have considered his motion for continuance at today's hearing, but, of course, it would be necessary for him to be here to present that motion for continuance.

[5]The motion to dismiss was based on Nkansah's second amended original petition. Therefore, we look to the claims alleged by Nkansah in his second amended original petition, rather than in his third amended original petition. *See City of Arlington v. Randall*, 301 S.W.3d 896, 903 (Tex. App.—Fort Worth 2009, pet. denied).

are assumed to be "under [the Tort Claims Act]" for purposes of section 101.106. *Mission Consol. ISD v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008).

Nkansah alleged tort claims against Appellees for breach of fiduciary duty, negligence, premises liability, fraud, misrepresentation, negligent misrepresentation, forgery, and conversion. Because all of these tort theories were brought under the Texas Tort Claims Act (TTCA) for purposes of section 101.106, the trial court did not err by granting Appellees' motion to dismiss Spaniola, Dunn, Cohen, Hissong, and Wyman from those claims. Likewise, to the extent that Nkansah sought damages for alleged due process constitutional violations, the trial court did not err by granting Appellees' motion to dismiss the individual employees from that claim. *See Randall*, 301 S.W.3d at 903 (reasoning that claim seeking damages for alleged constitutional violations is brought under the TTCA for purposes of section 101.106(e)). We overrule Nkansah's second issue.

In what we construe to be Nkansah's third issue, he argues that the trial court erred by granting UTA's second plea to the jurisdiction. A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit. *Bland ISD v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Whether the trial court has subject matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). The

5

determination of whether a trial court has subject matter jurisdiction begins with the pleadings. *Miranda*, 133 S.W.3d at 226. The plaintiff has the burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *See Miranda*, 133 S.W.3d at 226, 228; *City of Fort Worth v. Crockett*, 142 S.W.3d 550, 552 (Tex. App.—Fort Worth 2004, pet. denied) (op. on reh'g). If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issue raised. *See Bland ISD*, 34 S.W.3d at 555.

Sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the State or certain governmental units have been sued unless the State consents to suit. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). State universities are agencies of the State; therefore, UTA is protected by the doctrine of sovereign immunity. *See Tex. A&M Univ. v. Bishop*, 156 S.W.3d 580, 583 (Tex. 2005); *Lowe v. Tex. Tech Univ.*, 540 S.W.2d 297, 298 (Tex. 1976); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3) (West 2011).

Under the TTCA, a governmental unit's immunity from suit is waived to the extent that the TTCA creates liability. Tex. Civ. Prac. & Rem. Code Ann. § 101.025(a) (West 2011). The TTCA expressly waives sovereign immunity in

6

only three areas: (1) use of publicly owned automobiles, (2) premises defects, and (3) injuries arising out of conditions or use of tangible property. *Id.* § 101.021 (West 2011); *Miranda*, 133 S.W.3d at 225.

Nkansah alleged claims against UTA in his third amended original petition for breach of fiduciary duty, negligence, misrepresentation, fraud, forgery, conversion, negligent misrepresentation, abuse of process, and gross negligence. Nkansah failed to plead sufficient facts to bring any of these claims within the limited waiver of immunity under the TTCA. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021; *Miranda*, 133 S.W.3d at 225. Accordingly, Nkansah's claims against UTA for breach of fiduciary duty, negligence, misrepresentation, fraud, forgery, conversion, negligent misrepresentation, abuse of process, and gross negligence are barred by sovereign immunity. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2) (West 2011) (stating that waiver of immunity under the TTCA does not extend to suits for intentional torts); *Ethio Express Shuttle Serv., Inc. v. City of Houston*, 164 S.W.3d 751, 758 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (holding that city's sovereign immunity was not waived for claims of negligent misrepresentation and fraud); *City of Fort Worth v. Pastusek Indus., Inc.*, 48 S.W.3d 366, 372 (Tex. App.—Fort Worth 2001, no pet.) (holding sovereign immunity barred appellee's claims for fraud, breach of fiduciary duty, negligence, and misrepresentation); *RRR Farms, Ltd. v. Am. Horse Protection Ass'n, Inc.*, 957 S.W.2d 121, 133–34 (Tex. App.—Houston [14th Dist.] 1997, pet. denied) (explaining tort of abuse of process).

7

Nkansah alleged a claim against UTA for premises liability, pleading that UTA was liable to him "because it owns and/or occupies the facilities or premise in which all Plaintiff's claims and/or causes of action occurred." A premises defect theory requires, among other things, that a condition of the premises create an unreasonable risk of harm. *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992). Nkansah only pleaded that UTA's premises was the location where the alleged wrongful acts occurred, not that a condition of UTA's premises created an unreasonable risk of harm to him, causing him personal injury or injury to his personal property. Consequently, sovereign immunity bars Nkansah's claim against UTA for premises liability.

Nkansah alleged a claim against UTA for violation of the Deceptive Trade Practices Act (DTPA). The legislature has mandated that a statute shall not be construed as a waiver of immunity unless the waiver is effected by clear and unambiguous language. *See* Tex. Gov't Code Ann. § 311.034 (West Supp. 2010); *Sw. Bell Tel., L.P. v. Harris Cnty. Toll Road Auth.*, 282 S.W.3d 59, 68 (Tex. 2009). The DTPA does not clearly and unambiguously provide for a waiver of immunity from suit for governmental units. *Univ. of Houston Main Campus v. Simons*, No. 01-02-00368-CV, 2002 WL 31388906, at *2 (Tex. App.—Houston [1st Dist.] Oct. 24, 2002, no pet.). Accordingly, sovereign immunity bars Nkansah's claims against UTA for violation of the DTPA.

Nkansah alleged a claim against UTA for breach of contract. When a governmental unit contracts with a private citizen, it generally retains immunity

8

from suit even though it waives immunity from liability. *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 408 (Tex. 1997). Generally, a party seeking redress for breach of contract can establish legislative consent to sue by bringing suit under a special statute or by obtaining a legislative resolution. *Gen. Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 596–97 (Tex. 2001). Nkansah has not alleged that he obtained legislative consent to sue UTA for his breach of contract claim, nor has he brought that claim under a special statutory provision waiving UTA's immunity from suit. Accordingly, sovereign immunity bars Nkansah's claim against UTA for breach of contract.

Nkansah alleged a claim against UTA for promissory estoppel, asserting that UTA "made a promise to [him] regarding his dissertation," that UTA "could foresee that [he] would rely on the promise," and that he "did substantially rely on the promise to his detriment." *See, e.g.*, *Bailey v. City of Austin*, 972 S.W.2d 180, 192 (Tex. App.—Austin 1998, pet. denied) (stating that promissory estoppel allows a cause of action to a promisee who has acted to his detriment in reasonable reliance on an otherwise unenforceable promise). The general rule is that when a unit of government is exercising its governmental powers, it is not subject to estoppel. *See City of Hutchins v. Prasifka*, 450 S.W.2d 829, 835 (Tex. 1970). A municipality, however, may be estopped in certain cases where justice requires the application of estoppel and there is no interference with the exercise of the municipality's governmental functions. *Id.* at 836 (stating that the doctrine is applied "with caution and only in exceptional cases where the circumstances

9

clearly demand its application to prevent manifest injustice"). UTA is not a municipality, and we see no reason to extend this exception to UTA under the facts of this case. *See Donna ISD v. Gracia*, 286 S.W.3d 392, 395–96 (Tex. App.—Corpus Christi 2008, no pet.). Accordingly, sovereign immunity bars Nkansah's promissory estoppel claim against UTA.

Nkansah alleged that UTA acted contrary to "Article [I] sections 3, 3a, 17, and 19 of Texas Constitution under the Bill of Rights" in relation to its handling of his dissertation defense and dismissal. Nkansah pleaded for damages in the amount of $455,000 for UTA's wrongful acts against him. As this court reaffirmed, "[u]nder the Texas Supreme Court's decision in *Bouillion* and its progeny, no private cause of action exists against a governmental entity for money damages relating to the governmental entity's alleged violations of constitutional rights." *See Randall*, 301 S.W.3d at 906 (referencing *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 147 (Tex. 1995)). Therefore, with the exception of Nkansah's claim based on article I, section 17, his claims for monetary damages based on UTA's alleged constitutional violations are barred by governmental immunity. *See id.*; *Bouillion*, 896 S.W.2d at 149 (stating that the text of section 17 waives immunity only when one seeks adequate compensation for property lost to the State). Regarding the article I, section 17 takings claim, there are no pleadings or evidence that Nkansah has a vested property interest for which compensation would be allowed under article I, section 17. *See Cypress Forest Pub. Util. Dist. v. Kleinwood Mun. Util. Dist.*, 309 S.W.3d 667,

675 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (stating that plaintiff asserting claim under article I, section 17 must show that it has a vested property interest); *City of Houston v. Northwood Mun. Util. Dist. No. 1*, 73 S.W.3d 304, 310 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (stating that survey of Texas cases reveals that "property" has generally been found to be a "real property" interest). We overrule Nkansah's third issue.

In what we construe to be Nkansah's fourth issue, he argues that the trial court erred by granting Appellees' motion for summary judgment. We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010), *cert. denied*, 131 S. Ct. 1017 (2011); *see* Tex. R. Civ. P. 166a(b), (c).

We construe the motion for summary judgment as a traditional motion for summary judgment. Nkansah did not file a response to the motion for summary

11

judgment until after the trial court had granted the summary judgment, and the trial court subsequently sustained Appellees' objection to the untimely response, which Nkansah filed without leave of the trial court. Because we overrule Nkansah's challenge to the trial court's sustaining Appellees' objection to Nkansah's untimely response below, we limit our review of Nkansah's third issue to whether the evidence that Appellees presented in support of the motion for summary judgment was sufficient as a matter of law. *See Baghaei v. Appone, Inc.*, No. 02-08-00413-CV, 2009 WL 1996297, at *3 (Tex. App.—Fort Worth July 9, 2009, no pet.) (mem. op.) (reviewing sufficiency of evidence to support summary judgment when nonmovant failed to file response to traditional motion for summary judgment) (citing *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999) and *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979)).

Nkansah filed a claim for due process violations against UTA, alleging that he was denied procedural and substantive due process in UTA's handling of his dissertation defense and dismissal. To the extent that Nkansah relies on the due course of law provision of the Texas constitution, it is well settled that although the due process clause of the Fourteenth Amendment and the due course of law provision slightly differ in their language, the differences are "without meaningful distinction." *Univ. of Tex. Med. Sch. at Houston v. Than*, 901 S.W.2d 926, 929 (Tex. 1995). Texas courts are not bound by federal due process jurisprudence,

12

but they have traditionally followed federal due process interpretations and consider federal decisions on these matters as persuasive authority. *Id.*

The procedural component of the due process clause provides that citizens are entitled to notice and an opportunity to be heard at a meaningful time and in a meaningful manner before any rights to life, liberty, or property may be taken away by the State. *Id.* at 930. Cases involving dismissals for academic reasons are reviewed under a less stringent standard than those cases involving students dismissed for disciplinary reasons. *Bd. of Curators of Univ. of Mo. v. Horowitz*, 435 U.S. 78, 86, 98 S. Ct. 948, 953 (1978). In order to give due deference to the exercise of professional judgment, and because the educational process is not generally adversarial, students dismissed from school for academic reasons are not entitled to a hearing. *Id.* at 89–90, 98 S. Ct. at 955.

Assuming that Nkansah had a property interest to assert, the summary judgment record shows that Nkansah appealed the dissertation committee's decision to dismiss him for academic reasons to Richard Cole, Dean of the School of Urban and Public Affairs. Thereafter, an "Ad Hoc Committee on Student Grievance" met to consider Nkansah's complaint. As part of its investigation, the committee met with Nkansah for one and a half hours and heard his complaints. The committee concluded that "there was no meaningful departure from standard procedures followed in SUPA for the preparation and defense of a doctoral dissertation" and that "Nkansah was accorded adequate procedural due process, including this opportunity for review." Nkansah also

appealed to Cohen, who addressed Nkansah's complaints. Under the standards articulated above, UTA afforded Nkansah the procedural due process to which he was entitled.

Regarding substantive due process in the academic arena, a judge may not override a faculty's professional judgment in academic affairs unless "it is such a substantial departure from accepted academic norms as to demonstrate that the person or committee responsible did not actually exercise professional judgment." *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 225, 106 S. Ct. 507, 513 (1985). When a reviewing court has found evidence of "professional judgment," such evidence is considered sufficient to justify judgment against a student as a matter of law. *Tobias v. Univ. of Tex. at Arlington*, 824 S.W.2d 201, 210 (Tex. App.—Fort Worth 1991, writ denied), *cert. denied*, 506 U.S. 1049 (1993).

Hissong stated in his affidavit that he served as dissertation supervisor for Nkansah's doctoral dissertation and that "[i]n [his] professional judgment and experience as an academic, [Nkansah's] research never met the academic standards required of doctoral level scholarship." Wyman stated in his affidavit that he served as a committee member for Nkansah's doctoral dissertation and that "the academic rigor of the data collection and the conceptual bases of [Nkansah's] dissertation were unacceptable." UTA thus presented summary judgment evidence that it exercised professional judgment in dismissing Nkansah

14

for academic reasons. We hold that the trial court did not err by granting UTA summary judgment on Nkansah's due process claim.

Nkansah alleged a claim against the individual employees in his second amended original petition for breach of contract. To the extent that the individual employees were not entitled to be dismissed from that claim pursuant to the civil practice and remedies code section 101.106(e) motion to dismiss that the trial court granted, the trial court did not err by granting summary judgment for the individual employees on that claim because the summary judgment evidence demonstrated that they did not have an agreement with Nkansah regarding any matter related to his dissertation defense or his participation in UTA's graduate school. *See City of The Colony v. N. Tex. Mun. Water Dist.*, 272 S.W.3d 699, 739 (Tex. App.—Fort Worth 2008, pet. dism'd) (stating that the existence of an agreement is an essential element of a breach of contract claim).

Nkansah alleged a claim for injunctive relief against Appellees, though he took no further action in pursuit thereof. Appellees argued in the trial court that they were entitled to summary judgment on the claim for injunctive relief because Nkansah did not have a probable right to relief. Because Nkansah's claims against Appellees were either barred by sovereign immunity or were properly dismissed by summary judgment or under civil practice and remedies code section 101.106(e), Appellees were entitled to summary judgment on Nkansah's claim for injunctive relief, which appears to also be moot. We overrule Nkansah's fourth issue.

In what we construe to be Nkansah's fifth and final issue, he argues that the trial court abused its discretion by denying his motion to vacate the orders granting Appellees' motion to dismiss, plea to the jurisdiction, and motion for summary judgment and by sustaining Appellees' objection to his untimely response. We liberally construe Nkansah's motion as a motion for new trial. We review a trial court's denial of a motion for new trial for an abuse of discretion. *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006). To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

The record of the hearing on Nkansah's motion for new trial indicates that he arrived at the trial court on July 7, 2010, at approximately 11:20 a.m., after the trial court had already granted Appellees' motion to dismiss, plea to the jurisdiction, and motion for summary judgment. Nkansah explained that he was under the impression that the trial court would be holding a hearing on his motion for continuance that day, not on the Appellees' plea and motion, which were scheduled for that day. The trial court patiently explained to Nkansah that merely *filing* a motion for continuance does not mean that the scheduled matter will be continued. Rather, the party seeking the continuance needs to further obtain a court order granting the motion for continuance or reach an agreement with the opposing side to continue the scheduled matter. In the absence of one of those

things, the trial court explained, the items scheduled to be heard will remain on the trial court's calendar, as happened in this case.

Regarding the trial court's sustaining Appellees' objection to Nkansah's untimely response, a response to a motion for summary judgment, including opposing summary judgment evidence, must be filed no later than the seventh day before the date of the summary judgment hearing, except on leave of court. Tex. R. Civ. P. 166a(c). If the record does not contain an affirmative indication that the trial court permitted the late filing, the response is a nullity. *Neimes v. Ta*, 985 S.W.2d 132, 138 (Tex. App.—San Antonio 1998, pet dism'd). The record does not reflect that Nkansah sought leave to file the late response.

We hold that the trial court did not abuse its discretion by denying Nkansah's motion for new trial and by sustaining Appellees' objection to Nkansah's untimely response. We overrule Nkansah's fifth issue.

Having overruled all of Nkansah's issues, we affirm the trial court's orders granting Appellees' motion to dismiss, plea to the jurisdiction, and motion for summary judgment and denying Nkansah's motion for new trial.

PER CURIAM

PANEL: MEIER, J.; LIVINGSTON, C.J.; and DIXON W. HOLMAN (Senior Justice, Retired, Sitting by Assignment).

DELIVERED: October 13, 2011

17