# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-50968
Summary Calendar

JAMES J. CROOK

Plaintiff-Appellant

v.

EL PASO INDEPENDENT SCHOOL DISTRICT

Defendant-Appellee

Appeal from the United States District Court for the
Western District of Texas, El Paso Division
USDC No. 3:07-CV-17

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Appellant challenges the dismissal of his suit asserting various civil rights and constitutional violations by Appellee school district based on its refusal to hire him as a social studies teacher because of his thirteen felony convictions. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

Appellee, El Paso Independent School District (Appellee), has for the past three years denied employment as a permanent teacher to Appellant James J. Crook (Appellant). Appellant was convicted of thirteen counts of felony barratry. Following his convictions, Appellant's license to practice law in the State of Texas was suspended for "disciplinary reasons." Since then, Appellant has worked as a substitute teacher for Appellee.

Appellant asserts that he applied on multiple occasions for a position as a permanent teacher due to his reliance on representations made by Nancy Evans (Evans), head of the Human Resources Department with the Appellee school district, that his felony convictions would not bar permanent employment. Appellant further alleges that he has taken the necessary steps to obtain a certificate of eligibility to teach social studies within the Texas school system. Plaintiff also alleges that in 2003 he passed all the State teacher qualification tests.

After three years of interviewing for permanent employment as a teacher, Appellant filed a complaint against Appellee with the Equal Employment Opportunity Commission (EEOC). The EEOC granted no relief to Appellant and did not disclose the reason for its holding until Appellant filed a Freedom of Information Act request. Appellant then learned that Anthony Safi, counsel for Appellee, had notified the EEOC that Appellee had a standing policy not to hire a convicted felon as a permanent teacher.

Before the district court, Appellant argued that Appellee's policy of not hiring felons as permanent teachers amounted to unlawful employment discrimination; that Evans' representations to him amounted to common law fraud; and that Appellee violated his equal protection and substantive due process rights under the Fifth and Fourteenth Amendments to the United States Constitution. Alternatively, appellant argues that if the court should find the

policy to be constitutional, Appellee has waived or is estopped from applying this policy to Appellant because Appellee employed him for the last three years as a substitute teacher. The district court granted Appellee's motion to dismiss on all counts.

Appellant raises multiple issues before this Court. Appellant argues that the district court erred in dismissing the case because: (1) the trial court should have found that Appellant stated a claim under 42 U.S.C. § 1985(3); (2) the trial court should have found that Appellant was within a protected class for purposes of Title VII of the Civil Rights Act of 1967 (Title VII), or, in the alternative, that Title VII is unconstitutional for failing to recognize convicted felons as a protected class; (3) the trial court either applied the wrong level of scrutiny to his Fifth and Fourteenth Amendment claims, or, in the alternative, misapplied rational basis scrutiny; (4) the trial court should have granted Appellant's Motion for Leave to File a Second Amended Petition; (5) that the trial court should have found that Appellee waived or was estopped from applying its policy of not hiring felons as to Appellant because Evans told him his felony convictions would not be a bar to his employment as a permanent teacher;[1] and (6) the Appellee's employment policy amounted to double jeopardy, an ex post facto sanction, cruel and unusual punishment, or a bill of attainder. For the reasons stated below, we affirm the district court.

II.

We review a district court's dismissal on the pleadings de novo.[2]

---

[1] The district court's articulation of Appellant's estoppel and waiver argument was based on both the fact that Evans represented to him that his felony convictions would not be a bar to his employment as a permanent teacher and because Appellee employed him for three years as a substitute teacher. On appeal, Appellant only states the first reason as the premise for his estoppel and waiver argument.

[2] Bonner v. Henderson, 147 F.3d 457, 459 (5th Cir. 1998) (citing Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992)).

### III. Analysis

First, Appellant alleges that the trial court erred in finding he failed to state a claim under 42 U.S.C. § 1985(3). He claims that because he pled "all Civil Rights Acts" in his case before the district court that the court should have found that he stated a claim under § 1985(3).

> To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States.[3]

We held in Hillard v. Ferguson, however, that this section is not satisfied by a suit against a school board because such a suit against the school board alone fails to allege conspiracy involving two or more persons.[4] Therefore, the district court did not err in not finding that Appellant's allegations stated a claim under § 1985(3).

Second, Appellant claims that the trial court erred by finding that he was not within a protected class for purposes of Title VII due to his status as a convicted felon. In the alternative, Appellant argues the district court should have found Title VII unconstitutional for not including felons as a protected class. The district court correctly held that felons are not a protected class,[5] and the court had no basis upon which to hold Title VII unconstitutional for the non-

---

[3] Hilliard v. Ferguson, 30 F.3d 649, 652–53 (5th Cir. 1994).

[4] Id. (citing Cuyahoga Valley Joint Vocational Sch. Dist., 926 F.2d 505, 509–10 (6th Cir), cert. denied, 501 U.S. 1261 (1991)).

[5] See 42 U.S.C. § 2000e–2(a) (1991) (listing protected classes and omitting convicted felons from that list).

inclusion of felons as a protected class. We agree with this conclusion, essentially for the reasons stated by the district court.

Third, Appellant contends that the trial court applied the improper level of scrutiny to his Fifth and Fourteenth Amendment claims, or, in the alternative, that rational basis scrutiny was not applied properly. The district court construed Appellant's constitutional claims as 42 U.S.C. § 1983 claims and held that Appellee's policy survived rational basis scrutiny.

The district court explained that strict scrutiny has been reserved for classifications that operate to disadvantage a suspect class or interfere with the exercise of fundamental rights.[6] Though Appellant wishes it were not so, the district court correctly pointed out that this Circuit has not held felons to be a suspect or quasi-suspect class.[7] Further, the court noted that the right to hold public employment is not a recognized fundamental right.[8] As such, the district court properly applied rational basis as the level of scrutiny.

The district court also did not err in its application of rational basis scrutiny. The court concluded that because teachers are in close proximity to school children on a daily basis, and are charged with the responsibility of representing to their students an example of good moral character, the school board's policy reflects the legitimate interest of protecting children from both physical harm and corrupt influences. As to whether this policy promotes that purpose, the court concluded that it was reasonable for the school district to believe that barring felons from permanent teaching positions would achieve this

---

[6] Seoane v. Ortho Pharm., Inc., 660 F.2d 146, 149–50 (5th Cir. 1981); San Antonio Sch. Dist. v. Rodriguez, 411 U.S. 1, 19–21 (1973).

[7] Hilliard, 30 F.3d at 652 (citing Baer v. City of Wauwatosa, 716 F.2d 1117, 1125 (7th Cir. 1983); Upshaw v. McNamara, 435 F.2d 1188, 1190 (1st Cir. 1970)).

[8] Arceneaux, 671 F.2d at 133 (citing Mass. Bd. of Ret. v. Murgia, 427 U.S. 307, 313 (1976)).

purpose.[9]    Appellant argues, however, that his crime--barratry–was a "victimless" one and that the school board could not rationally have such a blanket policy barring all felons from permanent teaching positions and that the court's application of rational basis scrutiny was error.  The district court noted, however, that Texas law provides that barratry is considered a "serious crime for all purposes."[10]  Simply because Appellant makes light of the thirteen counts of felony barratry of which he was convicted does not justify the conclusion that the district court's application of rational basis scrutiny was error.  Again, we agree with the district court's reasoning in rejecting this claim.

Fourth, Appellant argues that the trial court erred in not granting his Motion for Leave to File a Second Amended Petition.  The district court explained that because Appellant merely re-alleged the same causes of action that the court had already disposed of, adding only claims for additional compensatory and exemplary damages, allowing the amendment would have been a waste of judicial resources.  We agree, essentially for the reasons stated by the district court.

Fifth, Appellant argues that the trial court erred by not finding waiver or equitable estoppel to prevent Appellee from asserting its policy as to Appellant. He bases this argument on the fact that, notwithstanding this policy, Evans, the head of Appellee's Human Resources Department, advised him that his felony convictions would not bar his being hired as a permanent teacher.

The district court held that waiver was inapplicable because it only operated as an affirmative defense, not a cause of action.  We agree, essentially for the reasons stated by the district court.

---

[9] See Hill v. Gill, 703 F. Supp. 1034, 1037 (D.R.I.), aff'd, 893 F.2d 1325 (1st Cir. 1989) (finding a rational basis for similar policy regarding school bus drivers).

[10] See TEX. PENAL CODE ANN. § 38.12(i) (Vernon 2007).

Finally, Appellant argues that Appellee's employment policy amounts to double jeopardy, an ex post facto sanction, cruel and unusual punishment, or a bill of attainder. As Appellee points out, however, Appellant did not raise these arguments before the district court and has therefore waived them. "[A]rguments not raised before the district court are waived and cannot be raised for the first time on appeal."[11]

## IV. Conclusion

For the reasons stated above, we affirm the district court judgment.

AFFIRMED.

---

[11] Lemaire v. La. Dept. of Transp. and Dev., 480 F.3d 383, 387 (5th Cir. 2007).