# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50244
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 21, 2015

Lyle W. Cayce
Clerk

J. JEFFERSON CROOK,

   Plaintiff - Appellant

v.

PEDRO GALAVIZ, Superintendent for the Canutillo  Independent School District; CANUTILLO INDEPENDENT SCHOOL DISTRICT; BOARD OF DIRECTORS OF THE CANUTILLO INDEPENDENT SCHOOL DISTRICT,

   Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:14-CV-193

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

  Pro se appellant James Jefferson Crook[1] was convicted of felony barratry and disbarred.  Unable to practice law, he sought employment as a teacher.

---

 * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

 [1] As is discussed in more detail, *infra*, Crook brought a similar lawsuit several years ago against a different school district.  Throughout that litigation, he used the name "James J. Crook."  Throughout the instant litigation, he has used the name "J. Jefferson Crook."  In

No. 15-50244

When the Canutillo Independent School District declined to hire him based on its policy against employing felons in permanent teaching positions, Crook filed a lawsuit against the district, its school board, and its superintendent. The district court dismissed the lawsuit. Finding that Crook's constitutional claims fail and that Texas law immunizes the defendants from his common law claims, we affirm.

## I.

In 2002, a jury in El Paso County, Texas convicted Crook of thirteen counts of felony barratry. In the wake of his convictions, Crook's license to practice law in Texas was permanently suspended. *See In the Matter of James Jeffery Crook*, Board of Disciplinary Appeals Cause No. 27195 (Aug. 26, 2008) (final judgment of disbarment). Crook has spent the years following his disbarment pursuing employment as a teacher in the El Paso area, an unsuccessful venture which has resulted in two different lawsuits winding their way to this court.

Crook first applied for a teaching position with the El Paso Independent School District. His application was denied. In response, Crook filed a lawsuit challenging, in relevant part, the constitutionality of El Paso ISD's policy against hiring felons in permanent classroom teaching positions. In 2008, we affirmed the district court's 12(b)(6) dismissal of Crook's lawsuit, holding that the hiring policy survived rational basis review under the Equal Protection Clause. *See Crook v. El Paso Indep. Sch. Dist.*, 277 F. App'x 477, 480–82 (5th Cir. 2008).

Crook's next attempt at obtaining work as a teacher forms the basis of this case. In light of its procedural posture, we construe all facts in Crook's

---

his disbarment proceedings, he used the name "James Jeffery Crook." All names refer to the same individual.

No. 15-50244

favor.[2]  In the spring of 2012, Crook filed a job application with another school district in the El Paso area, Canutillo Independent School District.  Canutillo ISD also had a policy against hiring individuals with felony convictions for classroom teaching positions.  Crook contends this led to his application being "willfully erased" from the district's computer system after he initially applied in 2012.  Having never heard back, Crook reapplied in 2014.  At some point, Superintendent Pedro Galaviz promised to hire Crook as a high school economics teacher beginning in the fall of 2014.  Crook later discovered that Galaviz had no intention of hiring him and had instead instructed the district's administrative staff to ignore Crook's application due to his felony convictions. In reliance upon Galaviz's representations, Crook ceased interviewing with other school districts for over a year.

In May 2014, Crook filed this lawsuit against the district, its school board, and Galaviz.  Crook asserted section 1983 claims arguing that the no-felon policy violates the Equal Protection Clause of the Fourteenth Amendment, the Double Jeopardy Clause of the Fifth Amendment, the Cruel and Unusual Punishment Clause of the Eighth Amendment,[3] and the Constitution's proscription against bills of attainder.  Crook also contended that Galaviz's promise estopped the district from enforcing its hiring policy under Texas common law.  Finally, Crook sought a declaratory judgment that

---

[2] Crook filed his original complaint in May 2014.  He then amended his original complaint on six separate occasions.  In granting Crook leave to file the sixth of these amendments, the district court admonished Crook that it would not entertain additional motions for leave to amend absent extraordinary circumstances. Nevertheless, one month later, Crook filed a "Motion for Leave to File Addendum to Fourth Amended Original Petition," which the district court denied.  Therefore, the operative complaint from which we take our recitation of the facts is Crook's "Fourth Amended Original Complaint."

[3] These constitutional provisions apply to state and local governmental entities through the Fourteenth Amendment.  *See Benton v. Maryland*, 395 U.S. 784, 794 (1969) (double jeopardy); *Robinson v. California*, 370 U.S. 660, 667 (1962) (cruel and unusual punishment).

3

the Texas barratry statute violates the Equal Protection Clause, as well as a broad injunction "universally sealing all criminal records from access by the general public nationwide, except for the most egregious offenses" and prohibiting employers from inquiring into an applicant's criminal history.

The district court granted the defendants' motion to dismiss for failure to state a claim.[4]  On appeal, Crook argues that: (1) his prior case does not preclude his Equal Protection challenge to the policy of not hiring felons; (2) that policy also constitutes double jeopardy, cruel and unusual punishment, and an ex post facto law; (3) the Texas barratry statute violates the Equal Protection Clause; (4) his promissory estoppel claim is not barred by immunity doctrines; and (5) the district court should have granted his requests for injunctive relief as a matter of public policy.

## II.

This court reviews "a district court's dismissal under Rule 12(b)(6) de novo, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs." *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (citation and quotation marks omitted)).  To survive a 12(b)(6) motion, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief

---

[4] The district court also considered and dismissed a claim that Crook advanced, not in his operative complaint but in a responsive pleading, that two provisions of the Texas Education Code are unconstitutional. Moreover, the district court denied Crook's request for a declaratory judgment that individuals with criminal convictions are a suspect class under the Fourteenth Amendment and for an injunction requiring the defendants to hire him as a teacher.  Finally, the district court denied Crook's motion for leave to amend his complaint a seventh time. While we grant Crook wide berth as a pro se appellant, he fails to even mention these aspects of the district court's order in his brief; thus, any challenge with respect to these rulings is forfeited.  *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) ("Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved.").

No. 15-50244

that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

### III.

### A.

We first consider Crook's constitutional claims.  The district court held that Crook's equal protection challenge to Canutillo ISD's no-felon policy was barred by collateral estoppel.  Crook concedes that the equal protection argument he raises was previously litigated and finally decided in *Crook I*. Nonetheless, he argues that collateral estoppel is not appropriate in this case. While we do not find error in the district court's issue preclusion ruling,[5] the more straightforward approach is to reiterate our substantive ruling from seven years ago that a school district's policy of not hiring felons as permanent teachers survives rational basis review.[6]

The same body of jurisprudence that guided this court's decision in *Crook I* is applicable today.  When the challenged government classification "neither trammels fundamental rights or interests nor burdens an inherently suspect class, equal protection analysis requires that the classification be rationally

---

[5] Under the principle of nonmutual collateral estoppel, "if a litigant has fully and fairly litigated an issue and lost, then third parties unrelated to the original action can bar the litigant from re-litigating that same issue in a subsequent suit." *United States v. Mollier*, 853 F.2d 1169, 1175 n.7 (5th Cir. 1988).  Collateral estoppel is appropriate "only if: (1) the issue at stake is identical to the one involved in the earlier action; (2) the issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action was a necessary part of the judgment in that action." *Test Masters Educ. Servs., Inc. v. Robin Singh Educ. Servs., Inc.*, 428 F.3d 559, 572 (5th Cir. 2005).

[6] The defendants' 12(b)(6) motion argued both that collateral estoppel bars Crook's equal protection challenge and that the challenge fails on the merits.  As this court can affirm on any ground raised below, we choose to reach the defendants' substantive argument. *Gilbert v. Donahoe*, 751 F.3d 303, 311 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 251, 190 L. Ed. 2d 137 (2014) ("Under our precedent, we may affirm on any ground supported by the record, including one not reached by the district court. This is so even if neither the appellant nor the district court addressed the ground, so long as the argument was raised below." (internal citation and quotation marks omitted)).

related to a legitimate state interest." *Cornerstone Christian Sch. v. Univ. Interscholastic League*, 563 F.3d 127, 139 (5th Cir. 2009). Under rational basis review, the "regulation is accorded a strong presumption of validity and must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Id.* (quoting *Heller v. Doe*, 509 U.S. 312, 319–20 (1993)). It remains the case under our precedent that felons are not a suspect or quasi-suspect class, *Hilliard v. Ferguson*, 30 F.3d 649, 652 (5th Cir. 1994), and that public employment is not a fundamental right, *Arceneaux v. Treen*, 671 F.2d 128, 133 (5th Cir. 1982). *See also Crook*, 277 F. App'x at 480–81. Rational basis review therefore applies to the hiring policy. Under that scrutiny, we credit Canutillo ISD's argument that it has a legitimate interest in protecting its students from physical harm and corrupt influences that it could reasonably believe the no-felon policy furthers. *See also Crook*, 277 F. App'x. at 481.

Turning to Crook's other constitutional claims, we can first readily dispose of his double jeopardy claim. A refusal to hire is not punishment for purposes of the Double Jeopardy Clause, as courts have read that provision to require an "essentially criminal sanction." *See United States ex rel. Marcus v. Hess*, 317 U.S. 537, 548–49 (1943) (stating that only "actions intended to authorize criminal punishment to vindicate public justice . . . subject the defendant to 'jeopardy' within the constitutional meaning"); *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 362 (1984) ("Unless the [civil] forfeiture sanction was intended as punishment, so that the proceeding is essentially criminal in character, the Double Jeopardy Clause is not applicable."); *see also Emory v. Texas State Bd. of Med. Examiners*, 748 F.2d 1023, 1026 (5th Cir. 1984) (rejecting contention that "suspension of [Appellant's] medical license because of his felony conviction, after he had

already served a prison term for that offense, amounted to double punishment" because the suspension was not an "essentially criminal sanction").

Similar reasoning dooms Crook's contention that a refusal to hire a felon constitutes punishment within the meaning of the Eighth Amendment. *See Ingraham v. Wright*, 430 U.S. 651, 667–68 (1977) (holding the Cruel and Unusual Punishment Clause inapplicable to corporal punishment in public schools and observing that "[i]n the few cases where the Court has had occasion to confront claims that impositions outside the criminal process constituted cruel and unusual punishment, it has had no difficulty finding the Eighth Amendment inapplicable" (collecting cases)). [7]

Crook's final constitutional argument is that the district court should have issued a declaratory judgment stating that the Texas barratry statute violates the Equal Protection Clause. But Crook cannot collaterally attack his state convictions under the guise of a section 1983 claim. *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994) ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of

---

[7] Crook also argues that the no-felon policy is an ex post facto law. In his complaint, he challenged the policy as a bill of attainder; the district court dismissed the claim, noting that absent a legislative act, a school district's hiring policy cannot constitute a bill of attainder. Although Article I, Section 10 of the Constitution prohibits the states from passing both bills of attainder and ex post facto laws, the two are distinct legal concepts. A bill of attainder is "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial," *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 468, (1977), whereas an ex post facto law "retroactively alter[s] the definition of crimes or increase[s] the punishment for criminal acts," *Collins v. Youngblood*, 497 U.S. 37, 43 (1990). Crook has therefore waived his ex post facto argument by not raising it before the district court. *See LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007) ("[A]rguments not raised before the district court are waived and cannot be raised for the first time on appeal."). In any event, were this argument properly preserved, it would fail because the employment policy is not a penal statute. *See Youngblood*, 497 U.S. at 41 ("Although the Latin phrase '*ex post facto*' literally encompasses any law passed 'after the fact,' it has long been recognized by [the Supreme Court] that the constitutional prohibition on *ex post facto* laws applies only to penal statutes which disadvantage the offender affected by them." (citing *Calder v. Bull*, 3 Dall. 386, 390–392, 1 L.Ed. 648 (1798))).

No. 15-50244

outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement[.]").

In sum, the district court did not err in dismissing the constitutional claims.

**B.**

We next turn to the claims Crook brings under Texas law.  Crook alleges that in reliance on Galaviz's promise to hire him as an economics teacher in the fall of 2014, he ceased interviewing with other school districts.  As a result, Cook contends that Canutillo ISD is estopped from enforcing its no-felon policy against him.  The district court exercised its supplemental jurisdiction over this state claim and dismissed it as barred by immunity doctrines.  We agree.

In Texas, "[s]overeign immunity protects the State, its agencies, and its officials" from both liability and from suit.  *Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Texas Political Subdivisions Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 323–24 (Tex. 2006).  "The appurtenant common-law doctrine of governmental immunity similarly protects political subdivisions of the State, including counties, cities, and school districts." *Id.* at 324.  A political subdivision, like CISD, "enjoys governmental immunity from suit to the extent that immunity has not been abrogated by the Legislature." *Id.*  Texas courts "have deferred to the legislature to waive sovereign immunity." *Lamesa Indep. Sch. Dist. v. Booe*, 251 S.W.3d 831, 833 (Tex. App.—Eastland 2008, no pet.).

With respect to Canutillo ISD, the district court correctly held that governmental immunity bars promissory estoppel claims against school districts. *See S.W. ex rel. A.W. v. Arlington Indep. Sch. Dist.*, 435 S.W.3d 414, 421–22 (Tex. App.—Fort Worth 2014, no pet.) (collecting state and federal cases articulating principle that "Texas school districts never perform proprietary acts" and thus holding that promissory estoppel could not be

No. 15-50244

asserted against school district); *Donna Indep. Sch. Dist. v. Gracia*, 286 S.W.3d 392, 395-96 (Tex. App.—Corpus Christi 2008, no pet.) (holding that trial court erred in not dismissing plaintiff's promissory estoppel claim against school district, which employed plaintiff as a teacher, on grounds that claim was "barred by sovereign immunity because the legislature has not provided a clear and unambiguous waiver of such claims"); *Somerset Indep. Sch. Dist. v. Casias*, 2008 WL 1805533, at *2–3 (Tex. App.—San Antonio Apr. 23, 2008, pet. denied) (mem. op.) (holding that plaintiff's "promissory estoppel and quantum meruit claims sound in equity and are simply not included in [Texas Local Government Code] section 271.152's limited waiver of governmental immunity" and thus dismissing these claims for lack of jurisdiction); *Lamesa*, 251 S.W.3d at 834 (["[E]ven when an equitable remedy such as estoppel or quantum meruit is asserted, the doctrine of sovereign immunity from suit applies as long as monetary damages are sought.").

As for Crook's claim against Galaviz and the school board members, the district court correctly held that these employees are entitled to statutory immunity because personnel decisions are discretionary professional duties. *See* Tex. Educ. Code Ann. § 22.0511(a) (providing that a school district employee is not personally liable for an act within the scope of his duties "that involves the exercise of judgment or discretion on the part of the employee"); *see also, e.g.*, *Robinson v. Brannon*, 313 S.W.3d 860, 866 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (holding that "the acts of investigating and administratively suspending [a teacher] were incident to or within the scope of [the defendant's] duties as the director of human resources" and that "because these acts were incident to [the defendant's] duties, the fact that he may not have followed [school district] policy does not affect the protective shield of professional immunity under [section 22.0511(a) of] the Education Code").

No. 15-50244

We therefore hold that the district court did not err when it dismissed Crook's promissory estoppel claims.[8]

## C.

Lastly, we consider Crook's argument that the district court should have granted injunctive relief "as a matter of public policy." The injunction Crook desires would require:1) sealing all criminal records from the general public, except for the most egregious offenses; and 2) barring employers from inquiring as to a job applicant's criminal record. Apparently this injunction would benefit not just Crook but everyone with a criminal record. As an injunction is a remedy that must be supported by an underlying cause of action, the failure of Crook's constitutional and common law claims also warrants dismissal of this claim. *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004) ("[A]ny motion or suit for a traditional injunction must be predicated upon a cause of action. . . . There is no such thing as a suit for a traditional injunction in the abstract.").

## III.

The judgment of the district court is AFFIRMED.

---

[8] The district court observed that our general rule is that a district court should "dismiss state claims when the federal claims to which they are pendent are dismissed." *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992). But the court elected to exercise its supplemental jurisdiction "in the interests of judicial economy, efficiency, and fairness," and we find that under the circumstances of this case, this was not an abuse of discretion. *See id.* ("We review the decision to retain jurisdiction over the pendent state claims for abuse of discretion."). In any event, Crook does not appeal the district court's exercise of supplemental jurisdiction, so the issue is waived.