# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-40970
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 1, 2020

Lyle W. Cayce
Clerk

LUCKY TUNES #3, L.L.C., a Texas limited liability company,

> Plaintiff - Appellant

v.

LARRY R. SMITH, a Texas individual; JASON RAILSBACK, a Texas individual,

> Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:18-CV-563

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Lucky Tunes #3 LLC's suit against two Texas police officers for alleged violations of federal and Texas law was dismissed for failure to state a claim. After clarifying which claims were dismissed with prejudice and which without, we AFFIRM as modified.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40970

## I.     Background

Lucky Tunes is an establishment that sells certificates to redeem and download song files from lucky7downloads.com, a repository of several thousand licensed songs.[1]    The certificates are sold alongside "free sweepstakes" promotions.  At the rate of one dollar per song, customers purchase certificates, which come with 100 entries into the sweepstakes. Patrons can also receive up to 100 free entries per day by logging in at the store and can request further free entries by mail.  To find out if they have won, patrons can either instantly reveal the outcome or play games that "mimic casino attractions" via "gambling simulation."  When playing the games, sweepstakes credits are "represented with a dollar sign."  Prizes for winning are paid in cash regardless of the method of revealing the outcome.

In 2017, before Lucky Tunes opened for business, Sheriff Larry Smith of Smith County, Texas, sent a letter to local business owners regarding potential illegal gambling operations in the county.  Sheriff Smith said that his office was "investigating complaints that illegal gambling [was] occurring" in the county and asked for "voluntary compliance" by removing illegal gambling machines.  He explicitly referenced games that were being advertised as sweepstakes but were being operated illegally.  A little over a year later, counsel for Lucky Tunes's parent company sent a reply explaining that the free sweepstakes promotions did not violate Texas law.

Nonetheless, Smith County police obtained two warrants to search Lucky Tunes.  The first was obtained by Detective Jason Railsback in September 2018.  Det. Railsback based his warrant affidavit on an undercover investigation he and Sergeant Shawn White conducted at Lucky Tunes, during

---

[1] The website is run by Lucky Tunes's parent company, Lucky 7 Downloads LLC.

which the officers each purchased $20.00 in songs and played electronic games. Det. Railsback reported that in exchange for a $20.00 bill, each officer received a receipt showing that 100 entries had been added to his account, "an available balance of $21.00," and a PIN for playing games.  He also said that they received "a separate receipt . . . that was a 'gift card' with $20.00 indicated" and that "advised we could use the code to go to their website . . . and get music."

Det. Railsback then described the process of playing the machines: After entering the PIN, "[t]he account showed a balance of '$21.00' with dollar sign insignia beside the amount indicating it was in fact [U.S. currency] being depicted on the machines and not 'credits.'"  He "noted that the minimum 'bet' allowed on the machine was '$.32,'" "placed the $.32 bet," and won free spins that eventually turned into a prize of "approximately $7.60."  He then said that after playing further and going to the attendant, "[t]he machine I was playing on showed a balance of '$25.60' and the cashier . . . pulled up my account and then provided me with $25.00 . . . as payout."  He described a similar experience for Sgt. White.

The detective then alleged the following: "The devices . . . include gambling device versions of slots that operate by chance or partially so, that as a result of the game, award[] credits for cash [and] are not designed, made, and adapted solely for bona fide amusement purposes . . . ."  He concluded, "Affiant believes the machines located at the location . . . are gambling devices as defined by [Texas] Penal Code [section] 47.01(4) and do not fall under the exception listed under [section] 47.01(4)(B)."  A judge issued a search warrant, which Smith County officers executed, confiscating property and seizing funds totaling $30,779.00.  The State of Texas then initiated a civil forfeiture action, which is still pending, against Lucky Tunes.

No. 19-40970

In February 2019, Sgt. White obtained another warrant based on his experience during the same investigation.  His affidavit was substantially similar to Det. Railsback's, but Sgt. White also said in relevant part that he "placed what appear[ed] to be 'Bets' according to the definition provided by the Penal Code" and that his winnings "[did] not appear in any way to be a pre-determined outcome."  A second search occurred less than five months after the first.

Lucky Tunes sued Sheriff Smith in his individual and official capacities and Det. Railsback in his individual capacity in federal district court under 42 U.S.C. § 1983.  Its complaint alleged violations of the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, violations of sections 9, 13, and 19 of Article I of the Texas Constitution, and Texas common-law conversion.  Lucky Tunes requested damages and injunctive and declaratory relief.  Sheriff Smith and Det. Railsback moved to dismiss, arguing that they were protected by qualified immunity and that Lucky Tunes had failed to state a claim on which relief could be granted.  They attached records of gambling charges against Lucky Tunes patrons to their motion.

The district court granted the officers' motion to dismiss, holding that Lucky Tunes failed to meet the pleading standard of Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6) and that the officers were entitled to qualified immunity.  Lucky Tunes timely appealed.

## II.    Standard of Review

We review dismissals under Rule 12(b)(6) de novo.  *Romero v. City of Grapevine*, 888 F.3d 170, 176 (5th Cir. 2018).  "To survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The pleaded facts must

"allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. We accept all well-pleaded facts as true and view them in the light most favorable to the nonmoving party. *Romero*, 888 F.3d at 176.

## III.     Discussion

We first address Lucky Tunes's federal claims. A plaintiff suing an individual under § 1983 must show the following: (1) "a violation of rights secured by the Constitution or laws of the United States" (2) perpetrated by "a person or entity acting under color of state law." *Doe ex rel. Doe v. Dall. Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998) (brackets and quotation omitted). The doctrine of qualified immunity shields government officials sued in their individual capacity "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

Lucky Tunes argues that it adequately stated a claim under § 1983 by alleging that Sheriff Smith and Det. Railsback acted under color of state law and violated (1) the Fourth Amendment by conducting two unreasonable searches and seizures and (2) the Fifth Amendment, as incorporated by the Fourteenth Amendment, by taking Lucky Tunes's property without just compensation. Lucky Tunes submits that the district court erred by failing to accept the well-pleaded facts as true or view them in the light most favorable to Lucky Tunes.

### A. Fourth Amendment Claims

Lucky Tunes's Fourth Amendment claim is premised on *Franks v. Delaware*, 438 U.S. 154 (1978). Under *Franks*, a search and seizure backed by a search warrant nevertheless may be unreasonable if "a false statement

knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." *Id.* at 155–56. A challenger may also show an "intentional or reckless omission of material facts from a warrant application." *Kohler v. Englade*, 470 F.3d 1104, 1113 (5th Cir. 2006). When determining whether a false statement or omission is material, a court must excise any false statements and "insert [any] omitted facts into the affidavit and ask whether the reconstructed affidavit would still support a finding of probable cause." *Id.*; *see also United States v. Namer*, 680 F.2d 1088, 1093 (5th Cir. 1982).

In this case, the affidavits alleged that Lucky Tunes had violated sections 47.03, .04, and .06 of the Texas Penal Code, which prohibit knowingly using real property for gambling, promoting gambling, and possessing gambling devices. In relevant part, section 47.01(4) defines a "gambling device" as one "that for consideration affords the player an opportunity to obtain anything of value, the award of which is determined solely or partly by chance." Lucky Tunes complains that the affidavits both falsely stated that the officers placed "bets" at Lucky Tunes and omitted "the known fact that all of [Lucky Tunes's] sweepstakes games were at all times free." The district court, it says, erred by considering the possibility that Lucky Tunes was running an illegal gambling operation that involved bets despite its allegations that the sweepstakes were free and advertised as such, and therefore legal. Lucky Tunes argues that the district court should have, and this court must, take as true "that its sweepstakes are all always free, and that 'bets' are impossible." Therefore, Lucky Tunes claims, "there was categorically no crime, and hence no probable cause."

No. 19-40970

This argument is fantasy. Probable cause "requires only a probability or substantial chance of criminal activity." *District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018) (quotation omitted). It has never been the case that a constitutional violation arises when the conduct in question turns out to be legal. Instead, we must ask whether, under the totality of the circumstances, the facts known to the officer at the time of the affidavit would lead an objectively reasonable officer to believe there was probable cause. *See id.* We hold that the affidavits established probable cause even if we omit the references to betting and insert the facts that the sweepstakes were advertised as free and did not involve a transaction separate from the music download certificates.[2] Therefore, Lucky Tunes did not plead facts to support a showing of materiality under *Franks*. *See Kohler*, 470 F.3d at 1113.

Under Texas law, "free sweepstakes" can nevertheless violate Chapter 47. *See, e.g.*, *United States v. Davis*, 690 F.3d 330, 339–40 (5th Cir. 2012); *Texas v. Ysleta del sur Pueblo*, EP-99-CV-320-KC, 2015 WL 1003879, at *23 (W.D. Tex. Mar. 6, 2015); *State v. Fellows*, 471 S.W.3d 555, 567 (Tex. App.— Corpus Christi, 2015, pet. ref'd); *Jester v. State*, 64 S.W.3d 553, 558–59 (Tex. App.—Texarkana 2001, no pet.). This is because "the consideration element in the Texas gambling statutes can be fulfilled without an explicit exchange of money for the opportunity to participate in a sweepstakes." *Davis*, 690 F.3d at 339. The question in this case would be "whether the sweepstakes was intended to promote the sale of [music downloads] or whether the [downloads] were there as an attempt to legitimize an illegal gambling device." *See Jester*, 64 S.W.3d 553 at 558.

---

[2] We note that, under the case law cited below, whether a "bet" takes place or a sweepstakes is truly "free" is a question of law—indeed, a crucial question in determining whether a sweepstakes is gambling—and is therefore not a fact that we must accept as true.

Given the similarity of Lucky Tunes's business model to those that have been found illegal, we conclude that the affidavits demonstrated probable cause to believe that the true object of transactions at Lucky Tunes was the sweepstakes and not the music downloads. *See, e.g.*, *Davis*, 690 F.3d at 333, 339 (internet time was sold alongside sweepstakes entries that could also be obtained for free); *Jester*, 64 S.W.3d at 558 (telephone cards were sold alongside sweepstakes entries that could also be obtained for free). Lucky Tunes's storefront housed casino-themed games, which represented the "free entries" as currency. Lucky Tunes paid out cash prizes multiple times larger than the amount paid for the music downloads, which could only be accessed by independently visiting the Lucky 7 Downloads website. We of course do not determine whether this was gambling under the definition of the statute—we hold only that the affidavits established probable cause that it was.[3] Therefore, Lucky Tunes failed to allege that the affidavits were materially false or misleading.

## B. Other Federal Claims

Lucky Tunes's Fifth and Fourteenth Amendment due process claims fail because (1) the Fifth Amendment's due process clause applies only to federal actors, *see Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000), and (2) a Fourteenth Amendment due process claim is not the proper means to challenge conduct specifically addressed by the Fourth Amendment, *see Cuadra v. Hous. Indep. Sch. Dist.*, 626 F.3d 808, 814 (5th Cir. 2010). Lucky Tunes asserts that it also stated a claim under the Fifth Amendment's Takings Clause, but to the

---

[3] We also do not make "a finding of fact that the music was a subterfuge, that the $20 was paid to play the games and not purchase music, and that [Lucky Tunes] violated the gambling laws," as Lucky Tunes charged the district court with doing. Nor did the district court.

extent that it invoked that clause at all, it has not alleged facts showing how its property was taken for public use in contravention of a clearly established right.  *See* U.S. CONST. amend. V.

Because Lucky Tunes has failed to plead a violation of any constitutional right, much less a clearly established one, the officers are entitled to qualified immunity.  *See Harlow*, 457 U.S. at 818.  Consequently, the claims against Sheriff Smith in his official capacity fail as well.  *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam) (holding that claims for damages based on an officer's actions in his official capacity fail when there has been "no constitutional injury at the hands of the individual police officer").

## C. State Claims

The district court dismissed some of Lucky Tunes's state-law claims for failure to state a claim and declined to exercise supplemental jurisdiction over the rest.  Supplemental jurisdiction over state-law claims is proper when they "form part of the same case or controversy" as federal claims over which the district court has original jurisdiction.  28 U.S.C. § 1367(a).  In other words, the state and federal claims must "derive from a common nucleus of operative fact."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).  Even if supplemental jurisdiction is proper, a court may decline to exercise it in light of "the statutory factors set forth by 28 U.S.C. § 1367(c), and . . . the common law factors of judicial economy, convenience, fairness, and comity."  *Enochs v. Lampasas Cty.*, 641 F.3d 155, 159 (5th Cir. 2011) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (listing the common-law factors)).  We review decisions of supplemental jurisdiction for abuse of discretion.  *Priester v. Lowndes Cty.*, 354 F.3d 414, 425 (5th Cir. 2004).

Lucky Tunes alleged that the officers violated Article I, sections 9, 13, and 19, of the Texas Constitution.  Its section 9 claims fail because that

provision "and the Fourth Amendment are the same in all material respects" and Lucky Tunes has not argued or provided authority that it should be interpreted more expansively. *See Gates v. Tex. Dep't of Protective & Reg. Servs.*, 537 F.3d 404, 437–38 (5th Cir. 2008). Similarly, section 19's "due course of law provision provides the same protections as the federal Due Process Clause," so these claims fail as well. *See Fleming v. State*, 376 S.W.3d 854, 857 (Tex. App.—Fort Worth 2012), *aff'd*, 455 S.W.3d 577 (Tex. Crim. App. 2014).

Lucky Tunes failed to state a claim under section 13 by making only a passing reference with no mention of excessive bail or cruel or unusual punishment. Lucky Tunes also waived this issue by failing to argue for it on appeal. *See United States v. Martinez*, 263 F.3d 436, 438 (5th Cir. 2001).

We also affirm the dismissal of the requests for injunctive and declaratory relief. Injunctive relief is unavailable on the claims dismissed under Rule 12(b)(6) because of the lack of an underlying cause of action. *See Crook v. Galaviz*, 616 F. App'x 747, 753 (5th Cir. 2015) (per curiam). The requests for declaratory judgment that rely on "the United States and Texas constitutions and the laws of Texas" fail for the reasons discussed above.

Therefore, we affirm the district court's dismissal of the foregoing state claims for failure to state a claim. We also hold that the district court did not abuse its discretion by exercising supplemental jurisdiction over these claims, even though it dismissed the federal claims, because they concern the same facts and similar law as the federal claims, making it more convenient to dispose of them in this action. *See Gibbs*, 383 U.S. at 726–28 (holding that "if the federal claims are dismissed[,] . . . the state claims should be dismissed as well," but exercising jurisdiction is nonetheless proper when state and federal claims are "closely tied"). The district court's final judgment failed to reflect

whether the dismissals were with or without prejudice.  The dismissals of these claims, of course, were with prejudice.

The final state law claims, however, should have been dismissed without prejudice.  We hold that the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over the remainder of the declaratory-judgment claims and the Texas conversion claim, which involve distinct questions of state law.  *See id.*  Such dismissals, of course, are *without* prejudice.[4]  *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999).  The judgment should be clarified to reflect these different dismissals.

Accordingly, we modify the judgment to make clear that the claims dismissed under Rule 12(b)(6) are dismissed with prejudice and the claims dismissed based on a decision not to exercise supplemental jurisdiction, as discussed above, are dismissed without prejudice.  AFFIRMED as modified.

---

[4] The court made conflicting statements about whether it dismissed Lucky Tunes's conversion claim for failure to state a claim or declined to exercise supplemental jurisdiction over it.  Given that federal courts are courts of limited jurisdiction and that these state law claims were distinct from the federal claims and the other state law claims, we construe the order as declining to exercise supplemental jurisdiction, resulting in a dismissal without prejudice of the conversion claim.